Filed 10/23/20  P. v. Torlucci CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR TORLUCCI,<br><br>      Defendant and Appellant. | B299582<br><br>(Los Angeles County<br>Super. Ct. No. BA126357) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Arthur Torlucci (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code section 1170.95.[1]  We conclude there was no error, and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I.    **Facts[2]**

A.    ***The underlying crime***

On January 14, 1996, Anthony Daniels (Daniels) was leaning into the passenger-side window of defendant's pick-up truck.  With the lower half of Daniels's body hanging out of the window, defendant drove off and, after more than a block of swerving, smashed the passenger side of the truck against six parked cars, crushing Daniels to death.

B.    ***Prosecution, conviction and appeal***

The People charged defendant with Daniels's murder (§ 187, subd. (a)), and further alleged that he personally used a dangerous and deadly weapon (the truck) within the meaning of section 12022, subdivision (b).  A jury found defendant guilty of second degree murder (§ 187) and found true the allegation that he used a dangerous and deadly weapon in committing the offense.

The trial court sentenced defendant to prison for 16 years to life.

Defendant appealed his conviction and we affirmed in an unpublished opinion.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction.  (*People v. Torlucci*, (Feb. 10, 1998, B108073) [nonpub. opn.].)

2

## II.    Procedural Background

On or about May 14, 2019, defendant filed a petition seeking resentencing under section 1170.95.[3]  In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."  He also requested the appointment of counsel.

On May 31, 2019, the trial court summarily denied defendant's petition on two grounds.  First, the court concluded that defendant was "specifically excluded from sentencing relief under" section 1170.95 because he was "the actual killer."  Second, the court concluded that section 1170.95 was unconstitutional because it (1) "impermissibly amended . . . Proposition 7 and Proposition 115," (2) "violate[s]" Marsy's Law, and (3) "violates the separation of powers."

Defendant timely appealed this denial.[4]

---

[3]    Defendant filed an earlier petition for relief under section 1170.95 in Kern County on February 22, 2019, but the petition was transferred to Los Angeles County and denied without prejudice due to the insufficiency of the allegations.

[4]    A few weeks after defendant filed his Notice of Appeal, he filed a third petition for relief under section 1170.95.  The trial court summarily denied it because defendant was "ineligible for sentencing relief" "[a]s the actual killer."  As far as we know, defendant has not appealed this order.

3

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his section 1170.95 petition because both of the court's reasons for denying relief are incorrect.  We can easily dispense with the trial court's second reason for summarily denying relief because the People concede, and we agree, that the trial court erred in declaring section 1170.95 unconstitutional.  (E.g., *People v. Lopez* (2020) 51 Cal.App.5th 589, 594, 600-602 [section 1170.95 does not impermissibly amend Propositions 7 or 115]; *People v. Johns* (2020) 50 Cal.App.5th 46, 66-69 [section 1170.95 does not violate Marsy's Law or the separation of powers].)  Because the trial court's first reason for summarily denying relief turns on questions of statutory construction and the application of law to undisputed facts, our review of that reason is de novo.  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person filing a petition under section 1170.95 is entitled to the appointment of counsel, the opportunity for further briefing and a hearing if, in his petition, he "makes a prima facie showing that he . . . is entitled to relief" under that section. (§ 1170.95, subds. (c) & (d); *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of . . . second degree murder following a trial," and (3) he "could not be convicted of first or second degree

murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) A person may be convicted of murder, even after the 2019 changes to sections 188 and 189, if he "was the actual killer." (§ 189, subd. (e)(1).) A "'prima facie showing is one that is sufficient to support the position of the party in question.'" (*Lewis*, at p. 1137, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

Where a defendant in his petition alleges each element necessary to make out a prima facie case for relief under section 1170.95, a trial court evaluating whether a defendant has made a prima facie showing in a section 1170.95 petition is not required to accept those allegations at face value and may also examine the record of conviction. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-900, 908-909, review granted Aug. 12, 2020, S263219 (*Tarkington*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*); *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674, review granted July 8, 2020, S262481 (*Edwards*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011 (*Torres*).) However, the contents of the record of conviction defeat a defendant's prima facie showing only when the record "show[s] *as a matter of law* that the petitioner is not eligible for relief." (*Lewis*, at p. 1138, italics added; *Verdugo*, at p. 333; *Torres*, at p. 1177; *Drayton*, at p. 968; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 (*Cornelius*) [record must show defendant is "indisputably ineligible for relief"].)

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible

for relief.  That is because the jury found defendant guilty of second degree murder, and further found true that defendant personally used a dangerous or deadly weapon in committing the offense.  The jury's findings of fact necessarily label defendant as the "actual killer" and hence ineligible for relief under section 1170.95.  (E.g., *Cornelius*, *supra*, 44 Cal.App.5th at p. 58 [so holding]; *Tarkington*, *supra*, 49 Cal.App.5th at pp. 899, 910 [same].)

Defendant resists this conclusion with what boil down to three arguments.

First, he argues that the trial court erred in "going beyond the face of [his] petition" and by relying on the "factual summary contained" in our prior appellate opinion because the prior appellate opinion improperly viewed the facts in the light most favorable to the murder conviction.  For support, he cites the dissenting opinion in *Tarkington*, *supra*, 49 Cal.App.5th at pp. 911-927 (dis. opn. of Lavin, J.).  In so arguing, defendant is effectively asserting that *Lewis*, *Verdugo*, *Cornelius*, *Drayton*, *Edwards*, *Torres* and *Tarkington* are "wrongly decided." Although our Supreme Court has granted review in *Lewis*, *Verdugo, Cornelius*, *Edwards*, *Torres* and *Tarkington*, we continue to find them persuasive unless and until the Supreme Court rules otherwise.  The dissent in *Tarkington* is just that—a dissent—and one we do not find to be persuasive.  (*People v. Lopez* (2012) 55 Cal.4th 569, 585 ["dissenting opinions are not binding precedent."].)

Second, defendant more narrowly contends that, even if a trial court may consider *some* parts of the record of conviction in evaluating eligibility for relief under section 1170.95, it may not consider the facts set forth in a prior appellate decision.  We need

not confront the totality of this argument because the summary denial of defendant's section 1170.95 petition in this case rests not on the *facts regarding the offense* that are recited in the prior appellate decision, but rather on the *facts setting forth the jury's findings* recited in that decision—namely, the fact that the jury found defendant guilty of second degree murder and found true that defendant had personally "used a deadly weapon in committing the offense." *Those* latter facts are a proper subject of judicial notice as an "accurate[]" "reflect[ion]" of what is in "the trial record" and are properly admitted for "the nonhearsay purpose of determining the basis of the conviction." (*People v. Woodell* (1998) 17 Cal.4th 448, 456-457, 459-461; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 885 ["an appellate opinion can be admitted to prove that . . . the court made orders, factual findings, judgments and conclusions of law."]; *People v. Franklin* (2016) 63 Cal.4th 261, 280 [same]; *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 147 ["findings of fact" may be judicially noticed]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["it may be proper to take judicial notice that [a trial judge] did in fact make [a] particular finding" of fact "after hearing a factual dispute"], italics omitted.)

Lastly, defendant argues that he has a statutory and constitutional right to the appointment of counsel that precludes summary denial of his section 1170.95 petition. The law is to the contrary. (See *People v. Shipman* (1965) 62 Cal.2d 226, 232 ["in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of [post-conviction] relief in that court"]; *Pa. v. Finley* (1987) 481 U.S. 551, 555 (plur.

7

opn. of Rehnquist, J.) ["the [constitutional] right to appointed counsel extends to the first appeal of right, and no further"]; accord, *Dillon v. United States* (2010) 560 U.S. 817, 828 [legislative acts granting post-conviction relief do not implicate the Sixth Amendment right to a jury].)  Defendant cites *People v. Rouse* (2016) 245 Cal.App.4th 292, but *Rouse* held that a defendant has a right to counsel in the post-conviction context once he has been found eligible for resentencing (*id.* at pp. 299-300).  *Rouse* went out of its way to preserve prior decisions holding that a defendant is not entitled to counsel during the "initial *eligibility* stage" of a petition for post-conviction relief (*ibid.*), and defendant's section 1170.95 petition was denied on eligibility grounds.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ