Filed 11/18/20  P. v. Esparza CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B301349 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA048797) |
| v. | |
| GERMAN ESPARZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Affirmed.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Petitioner German Esparza appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  Section 1170.95 allows eligible petitioners to obtain retroactive relief based on recent changes in the murder law.  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248–249.)  Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015), effective January 1, 2019, "'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325 (*Verdugo*), review granted Mar. 18, 2020, S260493.)  "Prior to the enactment of Senate Bill No. 1437, . . . both the felony-murder rule and the natural and probable consequences doctrine provided theories under which a defendant could be found guilty of murder without proof of malice." (*People v. Lee* (2020) 49 Cal.App.5th 254, 260, review granted July 15, 2020, S262459.)

In this case, the record of conviction conclusively demonstrates that Esparza was not convicted under either the felony murder or the natural and probable consequences doctrine. It necessarily follows that the changes to the murder law did not affect his conviction.  Esparza therefore was ineligible for resentencing as a matter of law.  (*People v. Allison* (2020) 55 Cal.App.5th 449, 453 (*Allison*); *People v. Lewis* (2020)

---

[1]  Undesignated statutory citations are to the Penal Code.

43 Cal.App.5th 1128, 1138, 1139 (*Lewis*), review granted Mar. 18, 2020, S260598.) On appeal, Esparza does not argue otherwise.

We reject Esparza's argument that the trial court could not summarily deny his petition without appointing counsel for him. Although the timing of the appointment of counsel under section 1170.95 is currently pending in our high court, we have previously held that the right to counsel under section 1170.95 does not arise until a petitioner demonstrates a prima facie showing that he or she falls within the provisions of section 1170.95. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1140, review granted.) Pending guidance from our high court, we continue to adhere to that view. We affirm the trial court's order denying Esparza's petition for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

1. ***Jurors convicted Esparza and his codefendant Jorge Rodriguez of first degree murder with several enhancements***

Esparza and codefendant Jorge Rodriguez were charged with one count of murder with malice aforethought. The People further alleged that a principal personally discharged a firearm causing great bodily injury, personally discharged a firearm and personally used a firearm within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1) and section 12022.5, subdivision (a)(1). The People alleged a section 186.22, subdivision (b)(1) gang enhancement. The People also alleged that Rodriguez personally used a firearm.

The trial court did not instruct jurors on felony murder or on the natural and probable consequence doctrine.

Jurors found all allegations true.

3

## 2. *This court affirmed Esparza's conviction*

Following an appeal from the judgment of conviction, in November 2000, this court affirmed the judgment. In our opinion, we described the facts as follows:

"On the evening of June 5, 1998, Alex Santos was shot and killed while riding in a car driven by Jesus Gonzalez. Christian Mayorga and Rogelio Guzman were also passengers in Gonzalez' car. Mayorga was a gang member. The other two survivors denied being gang members. Santos was not a gang member, but he resembled his cousin Edgar Carmona, with whom he lived, and who was a gang member. Gonzalez' car was on a street which formed the boundary between territories controlled by Mayorga's gang and a rival gang, 18th Street, to which defendants belonged.

"The shooting occurred when three people approached Gonzalez' car, which was stopped at an intersection, on two bicycles. The three shooting survivors saw Esparza riding one bicycle and carrying Rodriguez, who was standing on foot pegs protruding from the rear axle and holding onto Esparza's shoulders. A third man was riding the second bicycle. The two bicycles drove past Gonzalez' car and stopped. Rodriguez got off Esparza's bicycle, walked back toward the car, and fired. A bullet shattered the rear window and struck Santos. Rodriguez got back on Esparza's bicycle and Esparza pedaled away." (*People v. Esparza* (Nov. 13, 2000, B134514) [nonpub. opn.].)

## 3. *Petition for resentencing*

On March 12, 2019, Esparza filed a petition for resentencing pursuant to section 1170.95. Esparza alleged that "[a]t trial, I was convicted of 1st or 2nd degree murder pursuant

4

to the felony murder rule or the natural and probable consequences doctrine." Esparza alleged that he could not now be convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019. Esparza requested the trial court appoint counsel for him.

### 4. *The trial court denies the petition for resentencing*

Without appointing counsel or holding a hearing, the trial court denied Esparza's petition for resentencing, finding that Esparza failed to establish a prima facie case that he fell within the ambit of section 1170.95. The court concluded that Esparza was not convicted based on the felony-murder rule or based on a natural and probable consequences theory. The court indicated that in so concluding, it had relied on the appellate opinion following Esparza's judgment of conviction.

## DISCUSSION

On appeal, Esparza argues prior to denying his section 1170.95 petition, the trial court was required to appoint counsel for him. Esparza also contends that denying the petition without the appointment of counsel violated Esparza's federal Sixth Amendment and due process right to counsel. Finally, Esparza argues that the trial court erred in relying on this court's prior appellate opinion.

We first explain why, as a matter of law, Esparza cannot demonstrate he is eligible for resentencing. We then discuss Esparza's remaining arguments seriatim.

5

## A. Esparza Cannot Make A Prima Facie Showing of Eligibility for Resentencing

Section 1170.95 "requires a defendant to submit a petition affirming that he or she: (1) was charged with murder in a manner 'that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine' (§ 1170.95, subd. (a)(1)); (2) was 'convicted of' or pleaded guilty to 'first degree or second degree murder' (§ 1170.95, subd. (a)(2)); and (3) 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437 (§ 1170.95, subd. (a)(3))." (*Allison, supra,* 55 Cal.App.5th at p. 456.) "Upon receipt of a facially sufficient petition, the trial court reviews the matter to determine whether the petitioner has made a prima facie showing that he or she 'falls within the provisions' of the statute. (§ 1170.95, subd. (c).) If the petitioner meets this requirement, the court shall appoint counsel for the defendant upon request and allow for briefing." (*Allison,* at pp. 456–457.)

Here, the trial court concluded that Esparza failed to make a prima facie showing that he fell within the provisions of the statute. That conclusion was correct, and Esparza does not argue otherwise. The jury could not have convicted Esparza based either on felony murder or the natural and probable consequences doctrine because the trial court did not instruct the jury on either theory. As a matter of law, Esparza cannot establish that he "could not be convicted" of murder because of changes to section 188 or 189. (§ 1170.95, subd. (a)(3).) Esparza thus failed to demonstrate a prima facie case that he fell within the provisions of section 1170.95. (*Lewis, supra,* 43 Cal.App.5th

6

at pp. 1138–1139, review granted; see also *Verdugo, supra*, 44 Cal.App.5th at p. 329, review granted.)

## B.	The Trial Court Was Not Required to Appoint Counsel Prior to Concluding that Esparza Was Ineligible for Resentencing

Esparza argues that the trial court violated section 1170.95 when it concluded that he failed to establish a prima facie showing without first appointing counsel for him.  There is a split of authority as to when a trial court evaluating a section 1170.95 petition must appoint counsel.  In *People v. Cooper* (2020) 54 Cal.App.5th 106, 112, review granted November 10, 2020, S264684, the appellate court held that a trial court must appoint counsel as soon as a petitioner files a facially sufficient petition. In contrast, this court and numerous other courts have held that the trial court must appoint counsel only if the petitioner establishes a prima facie case of eligibility for relief.  (See *Lewis, supra*, 43 Cal.App.5th at p. 1140, review granted; *People v. Offley* (2020) 48 Cal.App.5th 588, 597; see also *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899–900 (*Tarkington*), review granted Aug. 12, 2020, S263219; *Verdugo, supra*, 44 Cal.App.5th at pp. 332–333, review granted; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.)

As we explained in *Lewis*:  "Given the overall structure of the statute, we construe the requirement to appoint counsel as arising in accordance with the sequence of actions described in section 1170.95[,] subdivision (c); that is, after the court determines that the petitioner has made a prima facie showing that petitioner 'falls within the provisions' of the statute, and before the submission of written briefs and the court's determination whether petitioner has made 'a prima facie

7

showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).) In sum, the trial court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute." (*Lewis*, *supra*, 43 Cal.App.5th at p. 1140, fn. omitted, review granted.)[2]  Pending further guidance from our Supreme Court, we adhere to our decisions in *Lewis*, holding that the trial court is not required to appoint counsel until "after the court determines that the petitioner has made a prima face showing that petitioner 'falls within the provisions' of the statute . . . ." (*Lewis*, at p. 1140.)

Even if the court erred in denying Esparza counsel, any error was harmless under any standard of prejudice.[3]  (*People v.*

---

[2]  In *Lewis*, we relied on the plain meaning of the statute, which as explained does not mandate the appointment of counsel prior to a petitioner's demonstration of a prima facie case.  The language of section 1170.95 when viewed "as a whole" makes "clear that counsel need not be appointed before the court determines the petitioner is eligible for relief." (*Tarkington*, *supra*, 49 Cal.App.5th at p. 900.)

When the words of a statute are clear, we do not resort to legislative history.  (*Quarterman v. Kefauver* (1997) 55 Cal.App.4th 1366, 1371.)  This court considers extrinsic aids such as legislative history only if the statute is ambiguous. (*People v. Arias* (2008) 45 Cal.4th 169, 177.) We therefore decline Esparza's invitation to consider what he claims are part of section 1170.95's legislative history:  (1) letters written by the Judicial Council prior to the passage of the legislation; and (2) an analysis of the Senate Rules Committee.

[3]  We need not decide in the context of this case whether we evaluate prejudice under a *Watson* or a *Chapman* standard.

*Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [alleged error in not appointing counsel harmless beyond a reasonable doubt].) As a matter of law, Esparza was ineligible for relief. On appeal, with the assistance of his counsel, Esparza had full opportunity to present any argument that he was eligible for relief under section 1170.95 and offered none. The trial court would have been required to dismiss the petition regardless of whether it appointed counsel for Esparza; remand would thus be an idle act. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 675 (*Edwards*), review granted July 8, 2020, S262481.)

## C. The Failure to Appoint Counsel Prior to Determining Esparza's Eligibility Did Not Violate His Sixth Amendment Right to Counsel or a Right to Counsel Under the Due Process Clause

Esparza argues that the prima facie review of his resentencing petition was a critical stage in the criminal process requiring the appointment of counsel under the Sixth Amendment. The Sixth Amendment right to counsel does not apply to postconviction proceedings. (*People v. Rouse* (2016) 245 Cal.App.4th 292, 298 (*Rouse*).) Section 1170.95 petition, a postconviction proceeding, does not implicate a defendant's right to counsel under the Sixth Amendment. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114–1115, review granted Nov. 13, 2019, S258175.)

Esparza next argues that "the Fourteenth Amendment Due Process Clause requires the assistance of counsel in some

---

(*People v. Watson* (1956) 46 Cal.2d 818, 836; *Chapman v. State of California* (1967) 386 U.S. 18, 24.

criminal proceedings even if the Sixth Amendment does not."
However, Esparza relies on authority in which a defendant
established a prima facie case for resentencing. (See *People v.
Fryhaat* (2019) 35 Cal.App.5th 969, 980–981 [due process
requires appointment of counsel when defendant establishes
prima facie cause for postconviction relief]; *Rouse, supra*, 245
Cal.App.4th at p. 300 [defendant who demonstrated eligibility for
resentencing was entitled to the appointment of counsel].) For
example, in *Rouse* the "[d]efendant passed the eligibility stage.
The court ruled his petition was meritorious and he was entitled
to be resentenced." (*Rouse*, at p. 299.) The authority does not
apply to Esparza, who in contrast to the defendant in *Rouse*, as a
matter of law, cannot demonstrate he was eligible for sentencing
relief.

Finally, Esparza argues that "[w]hen state law gives a
criminal defendant the expectation of receiving a certain right or
benefit, the denial of that right may have the additional effect of
violating federal due process." Esparza does not explain how this
principle applies to the current case. To the extent he is trying to
argue that he had an expectation of receiving appointed counsel,
section 1170.95 does not support that expectation. As we have
explained, section 1170.95 affords a petitioner appointed counsel
only if the petitioner establishes a prima facie case. (*Lewis,
supra*, 43 Cal.App.5th at p. 1140, review granted.) Because
Esparza is ineligible for relief, he could not have had a legitimate
expectation the trial court would have appointed counsel for him.
(*Tarkington, supra*, 49 Cal.App.5th at p. 908.) As stated in
*Lewis*, the initial eligibility determination under section 1170.95
is analogous to a determination whether summarily to deny a
habeas corpus petition (*Lewis*, at p. 1138), to which no

10

constitutional right to counsel attaches. (See *McGinnis v. Superior Court* (2017) 7 Cal.App.5th 1240, 1243–1244, fn. 2 ["Any right to habeas corpus counsel, absent an order to show cause, is purely statutory . . . ."].)

## D. The Trial Court Could Rely on this Court's Prior Appellate Opinion; Even if it Erred, Any Alleged Error Was Harmless

Esparza argues that the description of the facts in our prior appellate opinion constituted hearsay and was therefore inadmissible in a section 1170.95 proceeding. Esparza's argument is inconsistent with our holding that in evaluating a section 1170.95 petition, a trial court may consider the prior opinion on direct appeal. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1138, review granted.) Other cases have reached the same conclusion. (*People v. Garcia* (Nov. 4, 2020, B300163) __ Cal.App.5th ___, ___ [2020 Cal.App.Lexis 1051 at p. *15]; *Edwards*, *supra*, 48 Cal.App.5th at pp. 674–675; *Verdugo*, *supra*, 44 Cal.App.5th at p. 333, review granted.) Assuming arguendo the trial court erred in relying on the opinion following Esparza's direct appeal, Esparza cannot demonstrate prejudice. Regardless of the opinion, the jury instructions—standing alone—demonstrate as a matter of law Esparza was ineligible for relief under section 1170.95.

Esparza also argues that the appellate opinion following Esparza's direct appeal does not conclusively demonstrate Esparza was not convicted based on a natural and probable consequences theory. Even so arguendo, the jury instructions demonstrate as a matter of law that the jury did not rely on a natural and probable consequences theory. As noted above, jurors were *not* instructed on a natural and probable

11

consequences theory.  Even if the court erred in relying solely on the appellate opinion to reach that conclusion, that error was harmless.

## DISPOSITION

The order denying Esparza's Penal Code section 1170.95 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.