Filed 2/29/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE, | B261503 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA095425) |
| v. | |
| GARY LAMONT ROUSE, | |
| Defendant and Appellant. | |


APPEAL from the judgment of the Superior Court of Los Angeles County. Mike Camacho, Judge. Reversed as to sentencing, and remanded.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.


\* \* \* \* \* \* \* \* \* \*

We are asked to consider whether defendant and appellant Gary Lamont Rouse was denied a right to counsel at the resentencing hearing held on his petition brought pursuant to Penal Code section 1170.18 (hereafter section 1170.18). Section 1170.18 was enacted as part of the Safe Neighborhoods and Schools Act, adopted by California voters in November 2014 as Proposition 47 (Proposition 47). Proposition 47 reclassified certain drug and theft-related offenses that were felonies or "wobblers" as misdemeanors, and provided a resentencing process for individuals who would have been entitled to lesser punishment if their offenses had been committed after its enactment. Section 1170.18 provides two different procedures depending on whether the individual seeking relief under Proposition 47 is still serving, or has already completed, his or her felony sentence. As relevant here, subdivision (a) of section 1170.18 provides that a person "currently serving" a felony sentence for an offense reclassified as a misdemeanor by Proposition 47 may petition for a recall of that sentence and request resentencing.

In November 2014, defendant was serving a five-year state prison term imposed in February 2012 following his conviction of four theft-related felonies, including a count for second degree commercial burglary. Penal Code section 459.5, added by Proposition 47, reclassified the theft of property valued at less than $950 as misdemeanor shoplifting. Defendant filed a petition pursuant to section 1170.18, subdivision (a) seeking to have his felony burglary conviction reclassified as misdemeanor shoplifting on the grounds that it involved an attempted theft of no more than $200. The trial court granted defendant's petition and resentenced defendant on all counts, including the non-Proposition 47 counts, to a five-year prison term. The resentencing hearing was held with counsel for the People in attendance, but without the presence of defendant or any counsel on his behalf. Defendant contends he was entitled to have counsel present at the resentencing hearing to protect his substantial rights.

We conclude defendant was entitled to the assistance of counsel at the resentencing hearing on his petition under section 1170.18, subdivision (a), and therefore reverse and remand for a new resentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, defendant pled guilty to four felony counts: identity theft (Pen. Code, § 530.5, subd. (a); count 1), second degree commercial burglary (§ 459; count 2), and forgery/counterfeit seal (§ 472; counts 3 & 4). Defendant also admitted he had suffered two prior qualifying strikes in 1989 and 1990 within the meaning of the "Three Strikes law" (§§ 667, 1170.12), and had served two prior prison terms within the meaning of section 667.5, subdivision (b).

The original sentencing hearing was held February 1, 2012. The court granted, in part, defendant's motion brought pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). The court struck the older of defendant's two prior strikes (a 1989 robbery conviction), finding that imposition of a life sentence would be "clearly disproportionate" to the underlying charged crimes. The court also determined that only one of the prior prison term allegations was appropriately considered for sentencing. Defendant was sentenced to state prison for five years calculated as follows: the court selected count 2 (burglary) as the base count and imposed a two-year midterm, doubled due to the one qualifying strike, plus one year for the prior prison term allegation. The court awarded defendant 224 days of custody credits, and imposed various fines and fees.

As to counts 1, 3 and 4, the court imposed a two-year midterm as to each count and stayed each of those sentences pursuant to Penal Code section 654.

On November 24, 2014, defendant filed, in propria persona, a petition pursuant to section 1170.18, subdivision (a). Defendant argued his sentence on count 2 for second degree commercial burglary should be recalled, and he should be resentenced for misdemeanor shoplifting as the facts underlying the burglary charge involved the attempted theft of just $200, well below the $950 statutory minimum for felony burglary. In his declaration attached to his petition, defendant stated that "[i]n an effort to save the State of California from the additional unnecessary financial burden of transporting defendant to court, defendant hereby waives his right to be present for sentencing."

A hearing was held on defendant's petition on December 26, 2014. The court stated at the outset of the hearing that defendant was "not present before the court" and

3

was "not represented by counsel." However, a deputy district attorney appeared for the People.

The court found defendant's petition to be "well taken" and allowed the People to amend count 2 by interlineation to charge a misdemeanor violation of Penal Code section 459.5. The court granted defendant's petition and vacated the original sentence. In resentencing, the court again imposed a prison term of five years, selecting count 1 (identity theft) as the new base term and imposing a two-year midterm, doubled due to defendant's prior strike. The court also imposed a consecutive one-year enhancement for the prior prison term allegation. As to counts 3 and 4, the court imposed and stayed a two-year midterm as to each count. On count 2, the court imposed and stayed a one-year county jail term. The court imposed the same fines and fees and recalculated defendant's custody credits.

This appeal followed.

## DISCUSSION

The parties did not cite, nor has our research disclosed, any case addressing whether a right to counsel attaches to a resentencing hearing held on a petition brought pursuant to section 1170.18, subdivision (a), which provides, in relevant part that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing."

Defendant argues the resentencing hearing was a critical stage in the criminal process at which his substantial rights were at stake, thus mandating the assistance of counsel. Respondent argues that a section 1170.18 petition is a "narrowly circumscribed" postconviction remedy beyond the scope of the Sixth Amendment. Respondent contends such a petition raises only the specter of a downward sentence modification to an otherwise valid sentence and therefore no right to counsel attaches.

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.'

4

[Citations.]" (*Marshall v. Rodgers* (2013) __ U.S. __ [133 S.Ct. 1446, 1449]; *People v. Doolin* (2009) 45 Cal.4th 390, 417 (*Doolin*) ["A criminal defendant is guaranteed the right to the assistance of counsel by the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution."].)

Sentencing is a critical stage in the criminal process within the meaning of the Sixth Amendment. (*Doolin*, *supra*, 45 Cal.4th at p. 453; accord, *Mempa v. Rhay* (1967) 389 U.S. 128, 134-137.) A defendant is entitled under state and federal law to the assistance of counsel when a sentence is vacated on appeal and remanded for a new sentencing hearing. " '[W]hen a criminal sentence is vacated because one of the convictions has been reversed, it becomes void in its entirety; the sentence -- including any enhancements -- has "been wholly nullified and the slate wiped clean." ' [Citation.] Consequently, when a sentence is vacated and remanded for re-sentencing, the district court has the discretion to 'reconstruct the sentence.' [Citation.] . . . Therefore, [the defendant's] presence and his counsel's presence [are] a necessity, not a 'luxury.' [Citation.]" (*Hall v. Moore* (11th Cir. 2001) 253 F.3d 624, 627-628; see also *People v. Rodriguez* (1998) 17 Cal.4th 253 [remanding for new sentencing hearing to be conducted in the presence of the defendant and his counsel where trial court had erroneously refused to consider the defendant's *Romero* motion believing it lacked discretion to strike qualifying priors under the Three Strikes law].)

A constitutional right to counsel has also been recognized to attach to a deferred sentencing hearing " 'even when [sentencing] is accomplished as part of a subsequent probation revocation proceeding.' [Citations.]" (*People v. Bauer* (2012) 212 Cal.App.4th 150, 155, quoting *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 781.)

This appeal presents a question of first impression, whether a postconviction resentencing hearing on a petition under section 1170.18 is a "critical stage" of a criminal prosecution to which the Sixth Amendment right to counsel attaches. " 'The determination whether the hearing is a "critical stage" requiring the provision of counsel depends . . . upon an analysis "whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that

prejudice." ' [Citations.]" (*People v. Ebert* (1988) 199 Cal.App.3d 40, 44.) " '[T]he essence of a "critical stage" is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel.' [Citation.]" (*United States v. Yamashiro* (9th Cir. 2015) 788 F.3d 1231, 1235.)

The United States Supreme Court has declined to extend the Sixth Amendment right to counsel to postconviction proceedings. (See, e.g., *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555.) Federal courts have consistently ruled that an incarcerated defendant has no constitutional right to counsel with respect to statutory postconviction motions seeking a reduction in sentence. (See, e.g., *United States v. Webb* (11th Cir. 2009) 565 F.3d 789, 794-795 [motion pursuant to 18 U.S.C. § 3582 seeking reduction in sentence based on post-sentencing amendments to federal sentencing guidelines]; *United States v. Reddick* (2d Cir. 1995) 53 F.3d 462, 465 [same]; *United States v. Taylor* (4th Cir. 2005) 414 F.3d 528, 530 [motion to reduce a final sentence pursuant to Fed. Rules Crim. Proc., rule 35(b)]; *United States v. Palomo* (5th Cir. 1996) 80 F.3d 138, 142-143 [same].)

Moreover, in *Dillon v. United States* (2010) 560 U.S. 817 (*Dillon*), the Supreme Court, while not specifically addressing the right to counsel, held that the Sixth Amendment was not implicated by an incarcerated defendant's motion for a sentence modification pursuant to title 18 of the United States Code section 3582(c)(2). The court concluded that a statutory motion under section 3582(c)(2) requesting a reduction in sentence based on intervening amendments to the federal sentencing guidelines did "not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." (*Dillon*, at p. 825.) A district court, in ruling on such a motion, "does not impose a new sentence in the usual sense." (*Id*. at p. 827.) The court explained that the statutory remedy merely represented "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments" (*id*. at p. 828) to the sentencing guidelines, and

6

therefore did not "implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." (*Ibid*.)

Several California courts have adopted the reasoning of *Dillon* when called upon to address petitions for resentencing brought pursuant to Penal Code section 1170.126. Section 1170.126 is the resentencing provision enacted as part of the Three Strikes Reform Act of 2012 (Proposition 36), which was passed two years before Proposition 47. Both Proposition 47 and Proposition 36 are similar in structure and contain similar remedial resentencing provisions. (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and School Act" (Aug. 2015) p. 6 (hereafter Couzens & Bigelow, Proposition 47).) "Some of the statutory language [of section 1170.18] is taken directly from section 1170.126." (*Ibid*.)

One of the most notable cases relying on the logic of *Dillon* is *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279 (*Kaulick*). Finding the analysis of *Dillon* "equally applicable," *Kaulick* concluded the remedial aspects of Proposition 36 were "an act of lenity on the part of the electorate." (*Kaulick*, at p. 1304.) And, that Penal Code section 1170.126 "does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues. Thus, there is no constitutional requirement that the facts be established beyond a reasonable doubt." (*Kaulick,* at pp. 1304-1305; see also *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336 [Section 1170.126 provides a "limited mechanism" for a sentence reduction and is distinguishable from other plenary sentencing proceedings]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315, fn. 9 [noting that a petition for resentencing under Proposition 36 is not the same as a plenary resentencing hearing following the vacating of a sentence on appeal].)

Several courts addressing Proposition 47 petitions have followed *Dillon* and *Kaulick* and have found that Sixth Amendment rights are not implicated. (See, e.g., *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 451-452 (*Rivas-Colon*) [no Sixth Amendment right to jury trial on facts related to the value of property to establish

7

eligibility for resentencing under section 1170.18]; *People v. Ortiz* (2016) 243 Cal.App.4th 854, 862 (*Ortiz*) [same].)

Our analysis does not conflict with *Rivas-Colon* or *Ortiz*, both of which concern only the initial *eligibility stage* of a petition under section 1170.18, *not* the resentencing stage, and neither of which addressed a defendant's right to counsel.

This case presents a separate issue. Defendant passed the eligibility stage. The court ruled his petition was meritorious and he was entitled to be resentenced. The court then vacated defendant's original sentence *in its entirety* and proceeded with sentencing defendant anew, including on the non-Proposition 47 counts. At this point, defendant argues the proceeding was akin to a plenary sentencing hearing at which his substantial rights were in jeopardy without the assistance of counsel. Respondent contends that defendant's substantial rights were not in jeopardy because he did not face the prospect of a greater sentence, and he stood only to gain from a possible reduction in his sentence.

In our view, a resentencing hearing on a petition under section 1170.18, subdivision (a), under the circumstances of this case, is akin to a plenary sentencing hearing. It is true that the statutory scheme prevents the imposition of a sentence *greater* than that originally imposed. (§ 1170.18, subd. (e) ["Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."].) However, the statutory scheme also envisions, at least where multiple counts are at issue, as is the case here, that resentencing will occur anew, with the court exercising its sentencing discretion and restructuring the entire sentencing package. "*The purpose of section 1170.18 is to take the defendant back to the time of the original sentence and resentence him with the Proposition 47 count now a misdemeanor.*" (Couzens & Bigelow, Proposition 47, *supra*, p. 59, italics added.) "If the petitioner is resentenced as a misdemeanor on an eligible count, but will remain sentenced as a felon on one or more other counts, *the court should resentence on all counts*." (*Id*. at p. 61, italics added.)

It is therefore properly characterized as a "critical stage" in the criminal process to which the right to counsel attaches. Defendant should have had the assistance of counsel to protect his rights as the court exercised its discretion in imposing a new sentence.

If we were to assume the right to counsel does not emanate from the Sixth Amendment since this is a postconviction proceeding, we still conclude defendant had a due process right to the assistance of counsel at his resentencing in this case. It is well established that due process requires an incarcerated defendant be afforded the right to counsel in various circumstances where the Sixth Amendment does not.

For instance, a criminal defendant's right to counsel through the first appeal as of right derives not from the Sixth Amendment but " 'from the due process and equal protection clauses of the Fourteenth Amendment.' [Citation.]" (*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 155; see also *Douglas v. California* (1963) 372 U.S. 353, 356-357.) Moreover, if a postconviction petition by an incarcerated defendant "attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns." (*In re Clark* (1993) 5 Cal.4th 750, 780 [petition for habeas corpus]; *People v. Shipman* (1965) 62 Cal.2d 226, 232-233 [petition for coram nobis].)

We recognize that defendant waived his right to personally appear at the resentencing hearing, but defendant's waiver of his right to be present did not constitute a waiver of his *separate* right to counsel. "The right to counsel is self-executing; the defendant need make no request for counsel in order to be entitled to legal representation. [Citation.] The right to counsel persists unless the defendant affirmatively waives that right. [Citation.] Courts must indulge every reasonable inference against waiver of the right to counsel." (*People v. Marshall* (1997) 15 Cal.4th 1, 20; see also *Golden v. Newsome* (11th Cir. 1985) 755 F.2d 1478, 1481-1482 [the right to counsel is "[s]eparate from the right to be present"].)

We hold that when a defendant currently serving a felony sentence presents a petition pursuant to section 1170.18, subdivision (a) and is found eligible for resentencing, that defendant is entitled to the assistance of counsel at resentencing in

9

every case involving a judgment of conviction of more than one felony such that the court has discretion to restructure the sentence on all counts. To be clear, we conclude the right attaches only at the resentencing stage. Whether the right to counsel attaches at an earlier stage of the petition, including the eligibility phase, was not before us and we therefore express no opinion on that issue. Further, we express no opinion about the right to counsel for an individual who has completed his or her felony sentence and files a petition for reclassification under subdivision (f) of section 1170.18, as that issue was not before us.

## DISPOSITION

The judgment of conviction is reversed as to sentencing, and remanded with directions to the court to conduct a new sentencing hearing on defendant's Penal Code section 1170.18 petition, with counsel being appointed to assist defendant if he cannot afford counsel of his own choosing.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.


FLIER, J.


10