Filed 6/21/16  In re X.H. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re X.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>X.H.,<br><br>　　　Defendant and Appellant. | A146107<br><br>(Contra Costa County<br>Super. Ct. No. J14-00200) |

X.H. appeals from an order denying his request to have his DNA record expunged from the state databank after his juvenile adjudication of grand theft person was reduced from a felony to a misdemeanor under Penal Code section 1170.18, part of the Safe Neighborhoods and Schools Act (Proposition 47).[1]  Another division of this court has concluded that in light of recent legislation clarifying existing law, juvenile defendants are not entitled to have their DNA records expunged as part of a Proposition 47 reduction, even if they would not have been required to provide DNA samples if their crimes had originally been adjudicated as misdemeanors.  (*In re J.C.* (2016) 246 Cal.App.4th 1462, pet. filed June 3, 2016.)  We agree and therefore affirm.

---

[1]　　Further statutory references are to the Penal Code unless otherwise indicated.

# I.  BACKGROUND

In February 2014, when he was 14 years old, appellant took some headphones from a student who had borrowed them from another student, Z.H.  After unsuccessfully attempting to reclaim the headphones from appellant, Z.H. reported the incident to school authorities, who retrieved the headphones from appellant's backpack.  Later in the day, appellant punched Z.H. several times for having "snitched" on him.

The Contra Costa County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602 alleging appellant had committed five offenses: grand theft person (§ 487, subd. (c)), receiving stolen property (§ 496, subd. (a)), intimidating a witness (§ 136.1, subd. (c)(1)), assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)), and battery on school property (§§ 242, 243.2, subd. (a)(1)).  On June 9, 2014, appellant admitted a felony violation of grand theft person in violation of section 487, subdivision (c), and a misdemeanor violation of assault by means of force likely to cause great bodily injury in violation of section 245, subdivision (a)(4), in exchange for dismissal of the remaining charges.  At the dispositional hearing held June 24, 2014, appellant was declared a ward of the juvenile court and placed on probation subject to various conditions, including the requirement he provide a DNA sample under section 296.1.

On November 4, 2014, the voters enacted Proposition 47, which "reclassified certain drug-and theft-related offenses that were felonies or 'wobblers' as misdemeanors, and provided a resentencing process for individuals who would have been entitled to lesser punishment if their offenses had been committed after its enactment."  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 294.)  Newly-enacted section 1170.18, subdivision (a), allows a "person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense" to apply for resentencing as if the crime were a misdemeanor.  Section 1170.18 applies to juvenile defendants as well as adults. (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1216–1217 (*Alejandro N.*).)

On June 17, 2015, appellant filed a petition to have his felony conviction of grand theft reduced to a misdemeanor and to have his DNA record expunged from the state databank, pursuant to Proposition 47.  On June 30, the court ordered the grand theft conviction reduced to a misdemeanor but denied the request to expunge the DNA record. Appellant filed a motion for reconsideration in light of the recent decision in *Alejandro N.*, *supra*, 238 Cal.App.4th 1209, 1226–1230, in which the court ordered a juvenile defendant's DNA records expunged following the reduction of his crime to a misdemeanor under Proposition 47.  The trial court denied this motion without prejudice, and this appeal follows.

## II.  DISCUSSION

X.H. claims the juvenile court should have granted his request for expungement of his DNA record in light of the reduction of his theft offense from a felony to a misdemeanor. The issue presented is one of statutory construction and our standard of review is de novo.  (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 134.)

California law requires "any juvenile who is adjudicated under Section 602 of the Welfare and Institutions Code for committing any felony offense" to provide a DNA sample so that his or her DNA profile may be included in the state databank.  (§ 296, subd. (a)(1).)  Subject to exceptions not relevant here (§ 296, subd. (a)(3)), juveniles who are found to have committed misdemeanors are not required to provide DNA samples. (*J.C.*, *supra*, 246 Cal.App.4th at p. 1470.)

Under section 299, subdivision (a), a person can seek expungement of his or her DNA record "if the person has no past or present offense or pending charge which qualifies that person for inclusion within the [state databank] and there otherwise is no legal basis for retaining the specimen or sample or searchable profile."  In *Alejandro N.*, *supra*, 238 Cal.App.4th 1209, the Fourth District Court of Appeal held that a person whose felony offense has been redesignated as a misdemeanor under Proposition 47 is entitled to expungement of his or her DNA record under this provision if there is otherwise no basis for retaining it.  (*Id.* at pp. 1227, 1230.)

3

At the time *Alejandro N.* was decided, section 299, subdivision (f) provided: "Notwithstanding any other provision of law, *including Sections 17, 1203.4, and 1203.4a*, a judge is not authorized to relieve a person of the separate administrative duty to provide [a DNA sample] if a person has been found guilty or was adjudicated a ward of the court by a trier of fact of a qualifying offense as defined in subdivision (a) of Section 296, or . . . pleads no contest to a qualifying offense as defined in subdivision (a) of Section 296." (Italics added.) "The unmistakable implication of the reference to these statutes in section 299(f) is that the section was intended to prohibit trial courts, when reducing or dismissing charges pursuant to the listed statutes, from also expunging the DNA record given in connection with the original felony conviction." (*J.C.*, *supra*, 246 Cal.App.4th at pp. 1473–1474.)

About two months after the *Alejandro N.* decision was issued, the governor signed a bill that, among other things, amended section 299, subdivision (f), to insert "1170.18" into the list of statutes that do not authorize a judge to relieve a person of the duty to provide a DNA sample. (Stats. 2015, ch. 487 (A.B. 1492).) Thus, section 299, subdivision (f) now provides, "Notwithstanding any other law, including Sections 17, *1170.18*, 1203.4, and 1203.4a, a judge is not authorized to relieve a person of the separate administrative duty to provide [a DNA sample] if a person . . . was adjudicated a ward of the court by a trier of fact of a qualifying offense. . . ."[2] (Italics added.)

In *J.C.*, *supra*, 246 Cal.App.4th at page 1475, the court concluded the purpose of this amendment to section 299, subdivision (f) was clear: "[B]y inserting a reference to section 1170.18 in section 299(f), the Legislature has prohibited the expungement of a defendant's DNA record when his or her felony offense is reduced to a misdemeanor pursuant to section 1170.18." The court concluded the amendment, effective January 1,

---

[2]   The primary purpose of the bill was to respond to *People v. Buza* (2014) 231 Cal.App.4th 1446 [180 Cal.Rptr.3d 753], review granted Feb. 18, 2015, S223698, which found the statutory requirement of DNA sampling upon arrest to violate the state constitution. (*J.C.*, *supra*, 226 Cal.App.4th at pp. 1471–1472.) The aspect of the bill amending section 299, subdivision (f), to add a reference to section 1170.18 is not explained in the bill's legislative history. (*Id.* at p. 1472.)

2016, was a clarification of existing law and did not implicate the rule that statutory amendments ordinarily may not be applied retroactively. (*Id*. at pp. 1475–1482.)

We find this reasoning to be persuasive. Because the amendment to section 299, subdivision (f) applies to appellant's case and precludes the expungement of his DNA record based on the reduction of his felony theft offense to a misdemeanor under Proposition 47, the trial court's order denying expungement was correct.

## III. DISPOSITION

The juvenile court's order denying appellant's request for expungement of his DNA record is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, ACTING P.J.

_____

BRUINIERS, J.

5