Filed 12/3/20  P. v. Madsen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEROY MADSEN,<br><br>Defendant and Appellant. | C089665<br><br>(Super. Ct. Nos. 44445, STK-CR-FE-1988-0001246) |

In 1989, a jury convicted defendant Leroy Madsen of second degree murder and unlawful taking or driving of a vehicle.  The trial court sentenced him to 15 years to life for the murder, with a concurrent term of three years for the vehicle offense.  In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1]  The petition asserted he is eligible for resentencing under that statute and requested appointment of counsel.  The trial court summarily denied the petition and the request for counsel.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now contends that under the procedure mandated by section 1170.95, the trial court should not have considered the record of conviction, should have appointed counsel for him, and should have afforded him a hearing.[2]

Finding no prejudicial error on this record, we will affirm the trial court's orders.

BACKGROUND

In November 1989, a jury convicted defendant of second degree murder (§ 187) and unlawful taking or driving of a vehicle (Veh. Code, § 10851). The trial court sentenced defendant in April 1990 to a term of 15 years to life for the second degree murder, with a concurrent term of three years for the vehicle theft.

"Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, amended the felony murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. Senate Bill 1437 also permits, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, fn. omitted, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

On January 8, 2019, defendant filed a petition for resentencing under section 1170.95. He used a form on which he checked boxes indicating he met the requirements for resentencing. He also checked a box requesting appointment of counsel for the

---

[2] The California Supreme Court has granted review of the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?" (Order granting review in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 (*Lewis*).)

resentencing process. On May 3, 2019, the Public Defender filed a request to be appointed to represent defendant.

On May 17, 2019, the trial court issued an order with an accompanying statement of decision summarily denying defendant's petition for resentencing with no hearing. In the statement of decision, the trial court said defendant was convicted of second degree murder on a malice theory, not felony murder or the natural and probable consequences doctrine, and that there was sufficient evidence to support the malice theory. For facts, the trial court relied on this court's opinion in defendant's direct appeal. (*People v. Madsen* (Jan. 15, 1995, C008672) [nonpub. opn.].) The trial court also denied the requests from defendant and the Public Defender regarding appointment of counsel.

DISCUSSION

Defendant contends that under the procedure mandated by section 1170.95, the trial court should not have considered the record of conviction, should have appointed counsel for him, and should have afforded him a hearing.

A

Section 1170.95, subdivisions (b) and (c) create a three-step process for evaluating a petitioner's eligibility for relief. (*Verdugo, supra,* 44 Cal.App.5th at pp. 327-330, review granted; accord *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b)(2). (*Verdugo,* at pp. 327-328.) To do this, the trial court verifies that the petition contains the information required under section 1170.95, subdivision (b)(1), and supplies any missing information that can be "readily ascertained" from reliable, accessible information, including the record of conviction. (*Verdugo,* at pp. 328-330.)

If the petition is facially sufficient, then, in the second step, the trial court determines under section 1170.95, subdivision (c) whether the petitioner has made "a prima facie showing that the petitioner falls within the provisions of this section."

3

(§ 1170.95, subd. (c).)  The Court of Appeal for the Second District, Division 7, has described this inquiry as "a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.)  "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*)  In making this inquiry, the trial court may again examine "readily available portions of the record of conviction," including "at least," the "complaint, information or indictment filed against the petitioner; the verdict form or factual basis for a negotiated plea; and the abstract of judgment." (*Id.* at pp. 323, 329-330.)  The trial court may also consider jury instructions and any appellate opinion in the case.  (*Id.* at p. 333.)

If the trial court determines that the petitioner is not ineligible for relief as a matter of law, the evaluation of the petition proceeds to the third step, a "second prima facie review," in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at pp. 328, 330, review granted.)  In this second prima facie review, the trial court must take the petitioner's factual allegations as true and make a preliminary assessment whether he or she would be entitled to relief if they were proved.  (*Id.* at p. 328; see also *People v. Drayton* (2020) 47 Cal.App.5th 965, 976 [in the second prima facie review, "the trial [court] considers whether the petitioner has made a prima facie showing of *entitlement to* (rather than eligibility for) relief"].)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95(a), then the trial court should issue an order to show cause.  [Citation.]  Once the trial court issues the order to show cause under section 1170.95(c), it must then conduct a hearing pursuant

4

to the procedures and burden of proof set out in section 1170.95, subd. (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. [Citation.] Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*People v. Drayton, supra,* 47 Cal.App.5th at pp. 980-981.) Both the prosecution and the defense may rely on the record of conviction or may offer new or additional evidence. (§ 1170.95, subd. (d)(3).)

B

On this record, the trial court did not commit prejudicial error during the second step of its review by considering the readily available portions of the record of conviction, including this court's prior opinion, and in denying appointment of counsel and declining to set a hearing.

As discussed above, a trial court properly considers the record of conviction when determining whether a defendant has made a prima facie showing of entitlement to resentencing. (*Lewis, supra,* 43 Cal.App.5th at pp. 1137-1139, review granted.) Therefore, the procedure employed in this case was consistent with the statute.

We note that defendant does not attempt to argue he is entitled to resentencing under section 1170.95; he argues only that the trial court failed to follow the statutory procedure before denying the petition and defendant's request for counsel. While we conclude the trial court properly followed the statutory procedure, which allowed the trial court to consider the record of conviction, we also note, as did the trial court, that the record of conviction establishes defendant was convicted of second degree murder on a malice theory. Therefore, he was not convicted under a felony murder theory or a natural and probable consequences theory, the only two theories that would entitle him to resentencing under section 1170.95, subdivision (a).

Defendant was not entitled to appointment of counsel under section 1170.95, subdivision (c) because he did not make a prima facie showing that he falls within the

provisions of section 1170.95. (§ 1170.95, subd. (c); *Verdugo, supra,* 44 Cal.App.5th at pp. 332-333, review granted.) Therefore, defendant had no statutory right to counsel when his petition was denied.

Defendant also argues the trial court's ruling violated his state and federal constitutional rights to due process and the assistance of counsel. We disagree.

"A criminal defendant has a constitutional right to counsel at all critical stages of a criminal prosecution, including sentencing." (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) " ' "The determination whether the hearing is a 'critical stage' requiring the provision of counsel depends . . . upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the [particular] confrontation and the ability of counsel to help avoid that prejudice.' " [Citation.]' [Citation.] ' "[T]he essence of a 'critical stage' is . . . the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." ' " (*People v. Rouse* (2016) 245 Cal.App.4th 292, 297 (*Rouse*).)

Defendant relies primarily on *Rouse* for his constitutional argument. In *Rouse*, the court held that a defendant being resentenced under Proposition 47 is entitled to counsel because the resentencing is a critical stage in the adversarial proceedings. However, the court emphasized: "To be clear, we conclude the right attaches only at the resentencing stage. Whether the right to counsel attaches at an earlier stage of the petition, including the eligibility phase, was not before us and we therefore express no opinion on that issue." (*Rouse, supra*, 245 Cal.App.4th at p. 301; see also *People v. Washington* (2018) 23 Cal.App.5th 948, 957 [indicating right to counsel attaches at evidentiary hearing under Proposition 47].)

The trial court's role at step two of the section 1170.95 inquiry "is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Verdugo, supra,* 44 Cal.App.5th at p. 329, review granted.) Because all factual inferences are drawn in favor of defendant, defendant is not

6

brought into confrontation with the state at step two, and appointment of counsel is not required at that step.  (See *Lewis, supra,* 43 Cal.App.5th at p. 1138, review granted.)

DISPOSITION

The trial court orders summarily denying defendant's petition for resentencing under section 1170.95 and denying his request for counsel are affirmed.

>                      /S/
>                  MAURO, J.

We concur:

        /S/
RAYE, P. J.

        /S/
BLEASE, J.