Filed 8/18/21  P. v. Hodges CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ODELL D. HODGES,<br><br>    Defendant and Appellant. | 2d Crim. No. B305465<br>(Super. Ct. No. BA203416)<br>(Los Angeles County)<br><br>REVISED ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 27, 2021, be modified as follows:

1.  Two full paragraphs, beginning at third full paragraph on page 7 ("A defendant's right to counsel") and ending on page 8 with citations ("(*People v. Rouse, supra,* 245 Cal.App.4th at p. 300; see also *People v. Duchine, supra,* 60 Cal.App.5th at p. 813.)"), are deleted.

There is no change in the judgment.

Respondent's petition for rehearing is denied.

_____

GILBERT, P.J.          PERREN, J.          TANGEMAN, J.

Filed 8/17/21  P. v. Hodges CA2/6 (prior 8/17/21 modification order)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ODELL D. HODGES,<br><br>    Defendant and Appellant. | 2d Crim. No. B305465<br>(Super. Ct. No. BA203416)<br>(Los Angeles County)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br>[NO CHANGE IN<br>JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 27, 2021, be modified as follows:

1.  Two full paragraphs, beginning at third full paragraph on page 7 ("A defendant's right to counsel") and ending on page 8 with citations ("(*People v. Rouse, supra,* 245 Cal.App.4th at p. 300; see also *People v. Duchine, supra,* 60 Cal.App.5th at p. 813.)"), are deleted.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

GILBERT, P.J.          PERREN, J.          TANGEMAN, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ODELL D. HODGES,<br><br>    Defendant and Appellant. | 2d Crim. No. B305465<br>(Super. Ct. No. BA203416)<br>(Los Angeles County) |

Odell D. Hodges appeals an order denying his Penal Code section 1170.95 petition for resentencing of his prior first degree murder conviction.[1] (§§ 187, subd. (a), 189.) The trial court's belief that Hodges was the shooter was confirmed by defense counsel. The jury found that Hodges did not "discharge [the] firearm" that killed the victim. We reverse and remand.

## FACTS

On the evening of June 6, 2000, Troy Cox, Desmond Alexander, and a man called "S-Dog" were outside a house in Los

---

[1] All statutory references are to the Penal Code.

Angeles. They were affiliated with the Bloods street gang. Hodges and a man with a blue cap walked by. Alexander and S-Dog wanted to know why a man in a blue cap was in the Bloods' neighborhood. A fight broke out. Five or 10 minutes later, Hodges and his friend retreated.

Alexander ran to the back of the house followed by Hodges and the man in the blue cap who were armed. Cox heard gun shots. Alexander was dead. Hodges and the man in the blue cap returned to a car and drove away. More than one firearm was involved in this incident.

Later that night, Cox identified Hodges's picture in a photographic lineup as the person who shot Alexander.

The jury found Hodges guilty of first degree murder (§ 187, subd, (a)) with findings that he used and discharged a firearm (§ 12022.53).

The prosecutor's theory was that Hodges was the person who actually shot and killed Alexander. But the jury rejected that claim.

The jury made the following finding: "We further find the allegation that in the commission of the above offense, the said defendant ODELL DUN HOWARD HODGES, personally and intentionally discharged a firearm to wit, a handgun which proximately caused death to DESMOND ALEXANDER within the meaning of Penal Code section 12022.53(d) to be NOT TRUE."

On March 25, 2019, Hodges filed a petition for resentencing under section 1170.95. In that petition he stated, "I was not the actual killer."

The People did not claim that Hodges was the actual killer, but nevertheless opposed the petition.

2

During the hearing on the initial phase of the section 1170.95 proceeding, the trial court asked Hodges's counsel: "[P]lease correct me if I am wrong on this your client was the actual shooter." Counsel: "I would submit on the court's assessment of the case." The court: "That being the fact that I don't believe your client qualifies or is eligible for relief under [Senate Bill No. 1437, section] 1170.95. I will deny your petition."

## DISCUSSION

### *The Section 1170.95 Petition*

Hodges contends the trial court erred by summarily denying his section 1170.95 petition based on the erroneous assumption that he was the actual shooter. He also contends his trial counsel provided ineffective assistance at that hearing. We agree.

In 2018 the Legislature passed Senate Bill No. 1437. It authorized a procedure for those convicted of first or second degree murder to petition for resentencing. (§ 1170.95.) It changed the standard for first degree or second degree murder convictions (§§ 188, 189) based on the felony murder rule or the natural and probable consequences doctrine. "These changes, which the Legislature adopted in 2018 in Senate Bill 1437 and which went into effect on January 1, 2019, ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147, italics added.)

Section 1170.95, subdivision (a)(1)-(3) provides, in relevant part, "A person convicted of felony murder or murder under a

3

natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine *if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.* If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (Italics added.)

The first step in the section 1170.95 procedure requires the petitioner to make a prima facie showing that he or she is eligible for relief. If a prima facie showing is made, the trial court proceeds to the second stage and issues an order to show cause for a hearing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or *offer new or additional evidence to meet their respective burdens*." (§ 1170.95, subd.

4

(d)(3), italics added.) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

Courts have held that where the petition is frivolous or the petitioner is categorically ineligible for section 1170.95 relief, the trial court may summarily dismiss the petition. (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.)

*A Fair Hearing at the First Stage of the Section 1170.95 Process*

Here at the *first stage* of the section 1170.95 proceeding, the trial court summarily denied the petition. It asked Hodges's counsel, "[P]lease correct me if I am wrong on this your client was the actual shooter." Defense counsel confirmed that to be the case by stating, "I would submit on the court's assessment of the case." Based on this representation, the court said, "*That being the fact . . .* I don't believe your client qualifies . . . ." (Italics added.) But counsel's representation to the court, upon which the court relied, was not accurate. According to a jury finding, Hodges was not the actual killer.

The jury made the following finding: "We further find the allegation that in the commission of the above offense, the said defendant ODELL DUN HOWARD HODGES, personally and intentionally discharged a firearm to wit, a handgun which proximately caused death to DESMOND ALEXANDER within the meaning of Penal Code Section 12022.53(d) to be NOT TRUE." This supports Hodges's claim that he was not the actual killer.

The trial court did not consider this jury finding before making its decision to summarily deny the petition on the ground that Hodges was the actual killer.  Nor did it consider the sworn statements in Hodges's petition that 1) he was not the actual killer; and 2) he could not "now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 [the court must consider the sworn allegations in the section 1170.95 petition].)  Instead, the court *solely relied* on counsel's representation to the court.  Consequently, the finding the court made to deny the petition was based on an incorrect fact confirmed by defense counsel.

The People concede that the trial court denied the petition on the basis of the *false finding* that Hodges was "the actual killer as a matter of law."  They claim, however, that we may affirm this order by substituting our own findings.

We agree with Hodges that he did not receive a *fair hearing* at the first stage of the section 1170.95 proceeding.  He claims that because the record shows that he did not receive a fair hearing, he is consequently entitled to another section 1170.95 hearing.  We agree.

Section 1170.95 provides a procedure to accurately determine a defendant's eligibility for resentencing.  The Legislature's goal was to ensure that defendants were provided a proceeding consistent with the principles of fair play and "due process to the petitioner." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 813.)  We are confident the Legislature never intended that a first stage section 1170.95 proceeding could be summarily derailed by a patently false factual finding.  A fair

6

hearing at this first stage requires the court to base its decision on the record.  That did not happen here.

*Right to Effective Assistance of Counsel at a*
*Section 1170.95 Hearing*

Hodges contends he was denied effective assistance of counsel at the first stage section 1170.95 hearing.  He claims his counsel's words prejudicially impacted his section 1170.95 petition.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-692 [ineffective assistance is shown where counsel's performance falls below the standard for reasonably competent counsel and has a prejudicial impact on the client's case].)

The People claim Hodges "had no Sixth Amendment right to counsel" because this was a "postconviction" proceeding.  But counsel was appointed to represent him, and of course he had the right to effective assistance of counsel.

A defendant's right to counsel in post-judgment proceedings "derives not from the Sixth Amendment but " ' "from the due process and equal protection clauses of the Fourteenth Amendment." ' "  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 300, citing *Martinez v. Court of Appeal of Cal. Fourth Appellate Dist.* (2000) 528 U.S. 152, 155; *Douglas v. California* (1963) 372 U.S. 353, 356-357.)  "It is well established that due process requires an incarcerated defendant be afforded the right to counsel in various circumstances where the Sixth Amendment does not."  (*Rouse*, at p. 300 ["If we were to assume the right to counsel does not emanate from the Sixth Amendment since this is a postconviction proceeding, we still conclude defendant had a due process right to the assistance of counsel"].)

This proceeding involves a liberty interest and a right to resentencing.  This was the first stage of the section 1170.95

7

process, but these proceedings involve very important due process and statutory rights. This was a critical stage of the criminal proceeding. The appointment of counsel for Hodges was appropriate and necessary. (*People v. Rouse*, *supra*, 245 Cal.App.4th at p. 300; see also *People v. Duchine*, *supra*, 60 Cal.App.5th at p. 813.)

Where the defendant is entitled to counsel, and has appointed counsel, as here, he or she also has the right to receive effective assistance of counsel. (*In re Emilye A.* (1992) 9 Cal.App.4th 1695, 1711.) Hodges was entitled to representation that could effectively lead to "a factfinding process affording a degree of due process to the petitioner." (*People v. Duchine*, *supra*, 60 Cal.App.5th at p. 813.) Here Hodges did not receive an accurate factual presentation in court by his counsel. His lawyer did not review the available record. This does not meet a standard of reasonable representation.

Moreover, the People's claim that counsel's performance was not prejudicial is incorrect. In Hodges's section 1170.95 petition, he declared, "I was not the actual killer." The jury finding supports that claim. Counsel did not consider that jury finding and Hodges's section 1170.95 verified petition allegations. Counsel and the court were not in a position to assert or make contrary fact findings at the first stage of the section 1170.95 proceeding. (*People v. Drayton*, *supra*, 47 Cal.App.5th at pp. 980, 982.) Moreover, in the People's opposition to the section 1170.95 petition, they did not claim that Hodges was the actual shooter.

Because of these facts, the trial court erred by relying on defense counsel's representation of facts to summarily deny Hodges's section 1170.95 petition. (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980 [the verified section 1170.95 petition may

8

alone constitute a sufficient prima facie showing under section 1170.95 that would preclude a summary dismissal of the petition].) The statement by Hodges's counsel was incorrect and it *directly* caused the summary dismissal. It incorrectly placed Hodges into the ineligible category for section 1170.95 relief as the actual killer and foreclosed any determination about other factors that could determine whether he was eligible for section 1170.95 relief. We do not decide those factors because they are initially issues the trial court must resolve. In certain cases the trial court may receive additional evidence from the parties to assist it in deciding the petition. (§ 1170.95, subd. (d)(3).)

Moreover, since Hodges's conviction, our Supreme Court has highlighted new standards that limit imposing murder liability for those who did not kill the victim. (See *People v. Clark* (2016) 63 Cal.4th 522, 614 (*Clark*); *People v. Banks* (2015) 61 Cal.4th 788, 807 (*Banks*).) These standards and the changes to murder liability as a result of Senate Bill No. 1437 are factors the trial court will have to consider. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1178-1179, review granted June 24, 2020, S262011 [jury's 2001 murder-special-circumstance findings against defendant alone do not render defendant automatically ineligible for section 1170.95 relief because of the changes to murder liability made by Senate Bill No. 1437 and the *Clark* and *Banks* decisions].)

*Other Issues*

The People claim Hodges is not entitled to section 1170.95 relief because he could alternatively "be liable as a direct aider and abettor to malice murder." The trial court gave an aider and abettor jury instruction at Hodges's trial in 2001. But under today's standards, a jury's reliance on that particular instruction

9

to find aider and abettor murder liability could amount to reversible error. That instruction is not the complete instruction that is now required. It omitted relevant language necessary for *aider and abettor murder liability*. The instruction did not contain the language that "when a person directly *aids and abets a murder*, the aider and abettor *must possess* malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 844, italics added.) "[I]t is certainly not 'readily ascertainable' on this record that the jury found" Hodges "shared the murderous intent of the shooter" using the aider and abettor instruction the trial court gave. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 247.) " '[A]bsent a record of conviction that *conclusively establishes* that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence' " at the first stage of the section 1170.95 proceeding. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230.)

Moreover, after Hodges's trial, Senate Bill No. 1437 changed the law for murder liability for non-killers and the definition of malice. Hodges was convicted at a time when the former felony murder rule was applicable. Consistent with that former doctrine, his jury was instructed, "Each principal, *regardless of the extent or manner of participation is equally guilty*." (Italics added.) But Senate Bill No. 1437 changed the doctrine of imputed murder liability for each participant. Hodges was also convicted before the *Banks* and *Clark* decisions redefined the standards for imposing murder liability on those who are not the actual killers.

Hodges notes the prosecutor's theory was not that he was an aider and abettor, but rather that he was "the actual shooter," and he notes the "jury rejected that theory." He claims the

10

prosecutor failed to present a case for aider and abettor liability. He suggests that because of the jury's finding, there is a gap in the record about what precisely happened in the back of the house which is relevant in determining murder liability under Senate Bill No. 1437. That gap may be filled by evidence from the parties at an evidentiary hearing following the issuance of an order to show cause. But not at the first stage of the section 1170.95 proceeding. (*People v. Rivera, supra*, 62 Cal.App.5th at p. 230.)

Consequently, here 1) there is a change in the law because of Senate Bill No. 1437, 2) there is a gap in the factual record, 3) the parties have conflicting views about how the jury reached its verdict, and 4) Hodges alleged sufficient facts for section 1170.95 relief in his petition. Consequently, a trial court given these factors may not engage in "factfinding" to deny relief "without first issuing an order to show cause and allowing the parties to present evidence at a hearing, as described in section 1170.95, subdivision (d)." (*People v. Drayton, supra*, 47 Cal.App.5th at p. 982; see also *People v. Tarkington* (2020) 49 Cal.App.5th 892, 898, review granted Aug. 12, 2020, S263219 [trial court must "take petitioner's factual allegations as true," and, if sufficient, issue an order to show cause].)

The People claim Senate Bill No. 1437 was enacted to provide relief for defendants convicted of murder where the jury was instructed to use the natural and probable consequences doctrine. They claim that doctrine was not applied in Hodges's case.

But in his section 1170.95 petition, Hodges declared that the natural and probable consequences doctrine was applied in his case. That supported a prima facie showing for an order to

11

show cause.  (*People v. Tarkington, supra*, 49 Cal.App.5th at p. 898; *People v. Drayton, supra*, 47 Cal.App.5th 965, 982.) Moreover, the jury was instructed to apply the natural and probable consequences doctrine.  Jurors were instructed, "[A [proximate] cause of [death] is an act or omission that sets in motion a chain of events that produces as a direct, *natural and probable consequence* of the act or omission the [death] and without which the [death] would not have occurred."  (Italics added.)

## DISPOSITION

We reverse the order and remand the case to the trial court for a new section 1170.95 hearing.

NOT TO BE PUBLISHED.



GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

12

Norman J. Shapiro, Judge

Superior Court County of Los Angeles

_____

Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.