Filed 11/14/24  P. v. Patel CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAWAN PATEL,<br><br>    Defendant and Appellant. | B334888<br><br>(Los Angeles County<br> Super. Ct. No. LA069048) |

APPEAL from an order of the Superior Court of Los Angeles County.  Richard H. Kirschner, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Pawan Patel appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95).  Defendant requests remand for a new evidentiary hearing because the trial court failed to obtain a valid waiver of his presence.  We conclude any error was harmless beyond a reasonable doubt and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2013, defendant pled no contest to one count of attempted murder (Pen. Code, § 187, subd. (a), § 664) and three counts of robbery (§ 211).  As part of his plea, defendant admitted he personally and intentionally discharged a firearm in the commission of the attempted murder (§ 12022.53, subd. (c)).  Defendant was sentenced to a 30-year prison term, calculated as follows:  a high term of nine years for the attempted murder, plus a consecutive 20-year term for the personal firearm use enhancement, and a consecutive one-year term (one-third the midterm) on one count of robbery (the other robbery count terms were run concurrently).  Defendant was awarded 1,120 days (974 actual, 146 conduct) of presentence custody credits.

After defendant's conviction, the Legislature passed two pieces of legislation amending the law regarding liability for murder and attempted murder:  Senate Bill 1437 (2017–2018 Reg. Sess.) which became effective January 1, 2019 (Stats. 2018, ch. 1015, § 4) and Senate Bill 775 (2021–2022 Reg. Sess.) which became effective January 1, 2022 (Stats. 2021, ch. 551, § 2).

On July 26, 2022, defendant filed, with the assistance of counsel, a petition for resentencing pursuant to Penal Code section 1172.6.  The parties filed briefs.  The trial court found defendant had demonstrated a prima facie case, issued an order to show cause and set an evidentiary hearing.

The evidentiary hearing was held September 12, 2023. Defendant was represented by counsel but not present, either in person or via Webex. Defense counsel said, "He is waiving his appearance. He is in state prison." Nothing further was stated on the record regarding defendant's waiver of his right to appear at the hearing. The record also does not contain a written waiver signed by defendant.

Neither party presented new evidence at the hearing. Defendant conceded the admissibility of the preliminary hearing transcript as evidence which the court could consider. The court said it had reviewed the record of conviction, including the preliminary hearing testimony and the transcript of the plea. The trial court denied defendant's petition finding the People had proven beyond a reasonable doubt that defendant was the actual shooter and direct perpetrator of the attempted murder and therefore not eligible for relief as a matter of law. The court pointed out that defendant admitted, during the plea process, that he personally discharged a firearm during the commission of the attempted murder and the balance of the record demonstrated there was only one shooter.

This appeal followed.

## DISCUSSION

A defendant has a constitutional right to be present at all critical stages of a criminal proceeding. (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15.) The state constitutional right to be present is generally deemed to be "coextensive with the federal due process right." (*People v. Basler* (2022) 80 Cal.App.5th 46, 57.) Sentencing and resentencing hearings are considered critical stages. (*People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*); *People v. Doolin* (2009) 45 Cal.4th 390, 453;

*People v. Rouse* (2016) 245 Cal.App.4th 292, 300.) Several courts have concluded an evidentiary hearing on a resentencing petition pursuant to Penal Code section 1172.6 qualifies as a critical stage in a criminal proceeding. (See, e.g., *People v. Quan* (2023) 96 Cal.App.5th 524, 534 (*Quan*); *Basler*, at p. 58.) We agree.

A criminal defendant may waive his right to be present "provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.) Penal Code section 977, subdivision (b) provides in relevant part that a defendant's waiver of the right to be "physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (*Id.,* subd. (b)(2).) A waiver made by a defendant's counsel is valid *if* counsel states "on the record that the defendant [was] advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and [has] agree[d] that notice to [counsel] that the defendant's physical or remote presence is required at a future date" shall be notice to the defendant. (*Ibid.*)

The parties agree the record does not include evidence of defendant having made a knowing, intelligent and voluntary waiver of his right to be present at the evidentiary hearing on his petition. While defendant may have knowingly and voluntarily waived his right to appear in discussions with his counsel, the record fails to contain an adequate recitation of it in accordance with Penal Code section 977.

Error by the court in failing to take a proper waiver of the right to be present is subject to harmless error analysis. (*People v. Davis* (2005) 36 Cal.4th 510, 532–533 [constitutional error "pertaining to a defendant's presence is evaluated under the

harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23"].)  We conclude any error by the court in failing to take a proper waiver of defendant's right to be present at the evidentiary hearing was harmless beyond a reasonable doubt.

It was defendant's burden to establish his absence at the evidentiary hearing was prejudicial.  (*People v. Blacksher* (2011) 52 Cal.4th 769, 799; accord, *Quan, supra*, 96 Cal.App.5th at p. 536.)  Defendant has not done so.

Defendant, relying on *Quan*, said it cannot be determined whether his absence at the hearing was harmless "in light of the twin purposes of [his] right to be present at the hearing—to potentially offer testimony or evidence upon hearing the prosecution's case, and to assist counsel." (*Quan, supra*, 96 Cal.App.5th at p. 536.)  Defendant did not identify any additional evidence he could have testified to had he been present at the hearing, only that he may have been able to assist counsel or assess the prosecution's case and decide whether to testify. Defendant also says the preliminary hearing testimony does not establish lack of prejudice beyond a reasonable doubt because that evidence may not have been challenged for tactical reasons.

We are not persuaded.  *Quan* is distinguishable.  The defendant there was convicted under a felony murder theory. (*Quan, supra*, 96 Cal.App.5th at pp. 526–527.)  At the evidentiary hearing, the prosecutor argued the defendant's guilt under a felony murder theory and an implied malice murder theory.  (*Id.* at p. 530.)  More significantly, there was no admission by Quan that he had personally used the murder weapon in the commission of the crimes.

In contrast, defendant here expressly *admitted* as part of his plea that he personally used and discharged a firearm in the commission of the attempted murder. The testimony at the preliminary hearing demonstrated there was only one gunman involved in the attempted murder. There is nothing in the record to indicate defendant was not the direct perpetrator and the actual shooter in the attempted murder of the victim. The record demonstrates that defendant's absence at the evidentiary hearing was harmless beyond a reasonable doubt. (*Nieves, supra,* 11 Cal.5th at p. 509 [court's failure to take proper waiver for restitution hearing harmless beyond a reasonable doubt where there was "nothing in the record to indicate" the defendant could have "added any significant information about her inability to pay beyond that presented by defense counsel"].)

**DISPOSITION**

The order denying Pawan Patel's petition for resentencing pursuant to Penal Code section 1172.6 is affirmed.



GRIMES, J.


WE CONCUR:




STRATTON, P. J.




VIRAMONTES, J.


6