Filed 2/9/22  P. v. Thomas CA5
Opinion after recalling remittitur

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEONARD BRYCE THOMAS,<br><br>    Defendant and Appellant. | F081270<br><br>(Super. Ct. No. SC072219A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Janice M. Lagerlof, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Smith, J.

## INTRODUCTION

In 1998, petitioner Leonard Bryce Thomas was convicted of the second degree murder of his wife, Lisa Thomas.[1] (Pen. Code,[2] § 187, subd. (a); count 1.) For this offense, he was sentenced to a term of 15 years to life.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition on the ground petitioner was convicted as the actual killer, a disqualifying factor pursuant to section 1170.95, subdivision (a)(3).

On appeal, petitioner argues the court erred by (1) relying on the court file and the opinion in petitioner's direct appeal; (2) holding the prima facie hearing in petitioner's absence; and (3) denying his facially sufficient petition without issuing an order to show cause. We reject petitioner's arguments and affirm.

## FACTUAL AND PROCEDURAL HISTORY

Very briefly stated, Lisa was last seen on August 11, 1996, at the apartment she shared with defendant. Her twin sister reported her missing on August 21, 1996. Lisa's body was never recovered. (*People v. Thomas* (May 25, 2001, F031792) [nonpub. opn.].)

On December 16, 1997, the Kern County District Attorney filed an information charging petitioner with first degree murder. (§ 187, subd. (a); count 1.) On March 27, 1998, a jury found petitioner not guilty of first degree murder, but guilty of the included offense of second degree murder. On August 12, 1998, the court sentenced petitioner to a term of 15 years to life. On May 25, 2001, this court affirmed. (*People v. Thomas*, *supra*, F031792.)

On January 25, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be

---

[1]     Because the victim and the defendant share the same last name, we refer to Lisa by her first name. No disrespect is intended.

[2]     Undesignated statutory references are to the Penal Code.

prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

On February 1, 2019, the court appointed counsel to represent petitioner on the petition.

On March 1, 2019, the People filed a motion to dismiss the petition, arguing section 1170.95 is unconstitutional. On March 7, 2019, petitioner filed a reply. At a hearing on March 8, 2019, the court continued the matter to April 24, 2019. On April 3, 2019, petitioner filed a supplemental reply on unconstitutionality. On April 8, 2019, petitioner's counsel filed a request for a removal order to ensure petitioner's presence at the April 24, 2019 hearing. The court granted the request and ordered petitioner to be housed in the Kern County jail until the matter was resolved.

At the April 24, 2019 hearing, the court deferred final ruling and set a status conference for October 25, 2019. Petitioner waived his appearance for that future date. On October 25, 2019, the matter was continued to February 27, 2020, and counsel waived petitioner's presence for the future status conference.

On February 27, 2020, in petitioner's absence, the court denied the People's motion to dismiss and continued the matter to June 5, 2020, for a prima facie hearing. The court stated that petitioner did not have a right to be present at the prima facie hearing and that it was counsel's responsibility to get a removal order if petitioner's presence was desired.

On May 1, 2020, the People filed an opposition to the petition on the merits, arguing petitioner was ineligible for resentencing because the record of conviction reflected that his conviction was based upon him being the actual killer. On May 20, 2020, petitioner filed a reply, arguing that the verdict was ambiguous as to the theory of murder he was convicted under.

3.

Petitioner was not present at the June 5, 2020 prima facie hearing. At the start of the hearing, counsel confirmed she was waiving petitioner's presence for the hearing. The court stated: "And the Court will waive his presence as well. He is not entitled to be present at the prima facie hearing on the petition." The court noted it was permitted to consider the record of conviction, and that the evidence and charges were "consistent with a finding by this Court today that [petitioner] was the actual killer. There was no theory of aiding and abetting in dangerous conduct of another target offense or felony murder." The court further noted, "[T]here was no evidence presented that anyone other than the defendant committed this homicide." On that basis, the court concluded petitioner had failed to establish a prima facie case for resentencing eligibility, and the petition was denied.

This timely appeal followed.

## DISCUSSION

### I. Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

"A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[3] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[4] (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests

---

**3**     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

**4**     The Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021-2022 Reg. Sess.).) The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis of the issues raised in this petition. We quote from the version of section 1170.95 presently in effect.

the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Analysis

### A.    Record of Conviction

Petitioner first contends the trial court was not authorized to review the record of conviction, including the jury instructions or appellate opinion, to determine whether he stated a prima facie claim for relief.  Our Supreme Court recently rejected this argument in *Lewis*.  (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.)  Indeed, our Supreme Court has stated, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*Id.* at p. 971.)  Accordingly, the trial court did not err in considering the record of conviction to determine whether petitioner stated a prima facie case.

### B.    Right to be Personally Present

Petitioner next contends he was denied his federal and state due process rights when the court conducted the prima facie hearing in his absence and without a personal waiver of his right to be personally present.[5]  We disagree.

"A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by counsel at all critical stages of the trial.  For purposes of the right to be present, a critical stage is 'one in which a defendant's " 'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465 (*Bryant*).)

---

[5]    Section 1170.95, subdivision (c) does not presently contain an express hearing requirement.  As indicated above, Senate Bill No. 775 (2021-2022 Reg. Sess.) will amend section 1170.95, effective January 1, 2022.  The amendments require the court to hold a prima facie hearing.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats 2021, ch. 551, § 2.)  The amendments do not affect our analysis of petitioner's constitutional right to be personally present at such a hearing.

Sentencing is considered to be a critical stage where a defendant has a right to be present.  (See *People v. Doolin* (2009) 45 Cal.4th 390, 453.)  Likewise, resentencing, in which the court exercises its discretionary sentencing authority, is another critical stage. (*People v. Simms* (2018) 23 Cal.App.5th 987, 996; see *People v. Rouse* (2016) 245 Cal.App.4th 292, 300.)  The initial section 1170.95 prima facie determination, however, is not a critical stage to which a right of personal presence attaches.  It is merely an initial resentencing eligibility determination based on uncontested facts contained in the petition and the record of conviction.  The prima facie determination involves a question of law and does not involve the exercise of the court's discretionary sentencing authority.  (See *Lewis*, *supra*, 11 Cal.5th at p. 966 [the substantive question at the prima facie stage is whether the petitioner is ineligible for relief as a matter of law]; *People v. Perry* (2006) 38 Cal.4th 302, 312 ["[A] defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding."].) There is therefore no possibility the petitioner's absence will frustrate the fairness of the proceedings.  (See *Bryant*, *supra*, 60 Cal.4th at p. 465; accord, *Perry*, at p. 312.)

Accordingly, petitioner had no constitutional right to be personally present at the prima facie hearing and the court did not err in ruling in his absence.

## C.     Petitioner is Ineligible for Resentencing

Finally, petitioner argues he set forth a prima facie case for resentencing that required the court to issue an order to show cause.

To be eligible for relief pursuant to section 1170.95, petitioner must have been convicted of felony murder or murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.)  Here, the record establishes that petitioner was not convicted under either theory.  The jury was instructed on the elements of both first and second degree murder, but was not instructed on felony murder or murder under a natural and probable consequences theory.  The prosecution

8.

argued petitioner was guilty of murder as the actual killer who acted with at least implied malice. The prosecution did not argue petitioner was guilty of felony murder or murder under a natural and probable consequences theory. These theories were not presented to the jury and there is therefore no possibility the jury found petitioner guilty under either theory. Because petitioner was not convicted of felony murder or murder under a natural and probable consequences theory, he is ineligible for resentencing as a matter of law. The court was not required to issue an order to show cause and the petition was properly denied. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.)

Petitioner argues the trial court must have engaged in fact finding to conclude he was not convicted under a natural and probable consequences theory. In this regard, he contends the jury instructions on implied malice allowed him to be convicted under a natural and probable consequences theory, and the court could only have disregarded this theory by engaging in fact finding. We disagree. The challenged instructions provide, in relevant part, that malice is implied when: "1. The killing resulted from an intentional act, [¶] 2. The *natural consequences* of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." (Italics added.) Although the "natural consequences" language of the instructions is seemingly similar to the natural and probable consequences doctrine, these are two "distinctly different concepts." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967; accord, *People v. Chiu* (2014) 59 Cal.4th 155, 158, abrogated on another ground by Sen. Bill No. 1437 (2017-2018 Reg. Sess.).) To be convicted of murder, the person who committed the killing must act with express or implied malice. (*Soto*, at p. 1057.) In contrast, an accomplice whose liability for murder is premised on the natural and probable consequences doctrine "need only intend to aid a different, less serious 'target' crime," the natural and probable consequence of which is murder. (*Ibid.*) Here, the jury was not instructed on the natural and probable consequence doctrine or any

9.

target crime upon which murder based on a natural and probable consequences theory could be predicated. The court was not required to engage in fact finding to conclude that the "natural consequences" language of the malice instruction did not transform petitioner's murder conviction as the actual killer into one under the natural and probable consequences doctrine. (*Id.* at pp. 1058-1059.)

Accordingly, petitioner is ineligible for relief as a matter of law, and the petition was properly denied.

## DISPOSITION

The order is affirmed.