Filed 7/12/24  P. v. Montgomery CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHAWN JULIAN MONTGOMERY,<br><br>    Defendant and Appellant. | F085871<br><br>(Super. Ct. No. F10901528)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Petitioner Shawn Julian Montgomery petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for attempted murder (§§ 187, subd. (a), 664). The trial court denied the petition at the prima facie stage following a hearing at which petitioner was not present.

On appeal, petitioner contends his statutory and constitutional right to be present at the prima facie hearing was violated, thus requiring reversal and remand for a new resentencing hearing. We reject petitioner's contentions and affirm.

## PROCEDURAL BACKGROUND[2]

On January 27, 2011, a jury found petitioner guilty of attempted murder (§§ 187, subd. (a), 664; count 1), shooting from a motor vehicle (former § 12034, subd. (c); count 2), shooting at an occupied motor vehicle (§ 246; count 3), possession of a firearm by a prohibited person (former § 12021, subd. (a)(1); count 4), and active participation in a criminal street gang (§ 186.22, subd. (a); count 5). As to counts 1 through 3, the jury found true gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12022.53, subd. (d)). The trial court sentenced petitioner to an aggregate term of 10 years, 8 months, plus an indeterminate term of 50 years to life. On appeal, this court affirmed. (*People v. Montgomery* (Mar. 18, 2013, F062095) [nonpub. opn.].)

On September 1, 2022, petitioner filed a petition for resentencing on his attempted murder conviction pursuant to section 1172.6. The People opposed the petition on the ground this court's prior opinion established that the jury's verdict rested on a finding that

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2] The underlying facts are not relevant to the issues raised on appeal and we therefore dispense with a statement of facts.

petitioner committed the attempted murder with intent to kill. The People also argued petitioner had no constitutional right to be personally present at the prima facie hearing.

Subsequently, the court ordered that petitioner would appear for all future appearances in the matter by Zoom. At a subsequent hearing, petitioner appeared by Zoom and waived his right to physical presence. He was ordered to be present at the next hearing by Zoom.

Thereafter, counsel for petitioner filed a notice of intention not to reply to the People's opposition on the ground counsel had determined the petition did not meet the prima facie requirements of section 1172.6, subdivision (a)(1) and (3).[3] Counsel further stated that petitioner did not agree with counsel's analysis.

The matter was heard on January 27, 2023. Petitioner was not present. His counsel expressed concern with proceeding because he did not have authority to proceed in petitioner's absence pursuant to section 977. Counsel also explained that there had been some difficulties in communications with the Department of Corrections and Rehabilitation regarding arranging for petitioner's presence by Zoom. The courtroom clerk explained that petitioner had been transferred to another prison but returned to his prior prison the day before the hearing, which was why he was not present on Zoom. The People argued the court could proceed without petitioner's presence and asked that the petition be denied. The court determined that petitioner would have a constitutional right to be present at any resentencing, but had no right to be personally present at the prima facie determination, which does not involve exercise of the court's discretionary sentencing authority.

The court then determined that petitioner's jury found him guilty of attempted murder with intent to kill. Furthermore, the court determined petitioner was not convicted under a felony murder, natural and probable consequences, or other imputed

---

[3] Counsel mistakenly cited to section 1170.92, a nonexistent code section.

malice theory. On that basis, the court determined petitioner did not qualify for relief under section 1172.6. The court also determined petitioner would still be found guilty beyond a reasonable doubt of attempted murder under section 188, subdivision (a)(1). On that basis, the petition was denied.

## DISCUSSION

### A.     Section 1172.6 Procedure

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Relevant here, the bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder or attempted murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 (2017–2018 Reg. Sess.) also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "attempted murder under the natural and probable consequences doctrine" to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile, supra*, 10

4.

Cal.5th at p. 853.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met." (*Strong*, *supra*, 13 Cal.5th at p. 708.) The sentencing court must then determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Strong*, at p. 708.)

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid.*) Rather, the court must take the petitioner's factual allegations as true and must issue an order to show cause unless the record of conviction " ' "contain[s] facts refuting the allegations made in the petition." ' " (*Id.* at p. 971.)

" 'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 450.) If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder [or attempted murder] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).)

We review the court's prima facie inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

**B.    Analysis**

Petitioner contends that "a hearing under section 1172.6 is necessarily a sentencing or resentencing hearing and, as such, it is a critical stage of the proceedings, at which a defendant has the constitutional and statutory right to be present."[4] We disagree with

---

[4] Petitioner's argument regarding his statutory right to be present is not discussed under a separate heading in his opening brief. Instead, it is referenced only briefly within

petitioner's characterization of the prima facie hearing and conclude petitioner had no constitutional or statutory right to be personally present at the hearing.

Section 1172.6, subdivision (c) provides in relevant part: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." Section 1172.6 does not require petitioner's presence at the prima facie hearing.

"A criminal defendant has the right under the state and federal Constitutions to be personally present and represented by counsel at all critical stages of the trial. For purposes of the right to be present, a critical stage is 'one in which a defendant's " 'absence might frustrate the fairness of the proceedings' [citation], or 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.' " ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465 (*Bryant*).) The statutory right to be personally present is set forth in sections 977 and 1043, and "is coextensive with the state constitutional right but can only be waived in writing." (*People v. Miranda-Guerrero* (2022) 14 Cal.5th 1, 23.)

Sentencing is considered to be a critical stage where a defendant has a right to be present. (See *People v. Doolin* (2009) 45 Cal.4th 390, 453.) Likewise, resentencing, in which the court exercises its discretionary sentencing authority, is another critical stage. (*People v. Simms* (2018) 23 Cal.App.5th 987, 996; see *People v. Rouse* (2016) 245 Cal.App.4th 292, 300.) The initial section 1172.6 prima facie determination, however, is not a critical stage to which a right of personal presence attaches. It is merely an initial resentencing eligibility determination based on uncontested facts contained in the petition

---

arguments pertaining to his constitutional right to be present. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."]; accord, *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 280 [same].) Nonetheless, the People have responded to the argument and we therefore choose to address and reject this argument on the merits.

and the record of conviction. The prima facie determination involves a question of law and does not involve the exercise of the court's discretionary sentencing authority.[5] (See *Lewis*, *supra*, 11 Cal.5th at p. 966 [the substantive question at the prima facie stage is whether the petitioner is ineligible for relief as a matter of law]; *People v. Perry* (2006) 38 Cal.4th 302, 312 ["[A] defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case, because the defendant's presence would not contribute to the fairness of the proceeding."].) There was therefore no possibility petitioner's absence would frustrate the fairness of the proceedings. (See *Bryant*, *supra*, 60 Cal.4th at p. 465; accord, *Perry*, at p. 312.) Accordingly, petitioner had no constitutional right to be personally present at the prima facie hearing and the court did not err in ruling in his absence.

Furthermore, even if we were to conclude the trial court erred in proceeding in petitioner's absence, reversal would not be warranted. Our Supreme Court has held that the erroneous exclusion of a defendant from criminal proceedings is " 'trial error that is reversible only if the defendant proves prejudice.' " (*People v. Miranda-Guerrero*, *supra*, 14 Cal.5th at p. 23.) Here, petitioner argues that his exclusion from the prima facie hearing deprived him of an opportunity to observe the hearing and confer with counsel. However, he does not suggest he could have met his prima facie burden if personally present at the hearing. Nor does he suggest how his presence would have affected the trial court's determination that he is ineligible for resentencing as a matter of law. Accordingly, petitioner has not demonstrated prejudice.

---

[5] This case is therefore distinguishable from cases cited by petitioner where courts have found a right to personal presence at the section 1172.6 evidentiary hearing. (E.g., *People v. Quan* (2023) 96 Cal.App.5th 524, 532–534; *People v. Basler* (2022) 80 Cal.App.5th 46, 51, 57–60.)

**DISPOSITION**

The order is affirmed.

DETJEN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.