Filed 10/16/24  P. v. Williams CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083637 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242869) |
| JOHN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed in part and remanded with instructions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION

In 2023, John Williams, who is serving an aggregate prison term of more than 38 years, filed a petition under Penal Code section 1170.18 to

reduce his conviction for receiving stolen property worth less than $950, an offense Proposition 47 reclassified as a misdemeanor. The offense—charged as count 5—was one of multiple felonies a jury found he committed in 2013. The trial court approved Williams' petition but neither appointed counsel nor set a resentencing hearing as he requested. Williams argues he was entitled to both these measures. The People concede error. Resolving this matter by memorandum opinion (see *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession and affirm the trial court's reclassification of the offense. Yet we remand for the trial court to vacate Williams' sentence, appoint counsel to represent Williams, and conduct a full resentencing hearing.

A section 1170.18 petition allows a petitioner to request a resentencing hearing on a felony that would have been a misdemeanor under current law. (§ 1170.18, subd. (a).) The trial court must determine if the petitioner meets the criteria for a misdemeanor reduction; if so, the court shall, subject to an exception not relevant here, recall the felony sentence and resentence the petitioner to a misdemeanor. (*Id.*, subd. (b).) We review de novo whether section 1170.18 requires the trial court to schedule a full resentencing hearing with appointment of counsel upon granting the petition. (*People v. Simms* (2018) 23 Cal.App.5th 987, 994.)

Here, the trial court ruled on Williams' petition using a standard form. It marked the box granting Williams' petition and reducing his conviction for receiving stolen property (count 5) from a felony to a misdemeanor. Although the People agreed Williams was "entitled to resentencing" as to count 5, the court did not mark the box to set a resentencing hearing.

As the People concede, this was error. Our Supreme Court has stated that, "when part of a sentence is stricken on review, on remand for

2

resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) "By correcting one part of the sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing, including "'any pertinent circumstances which have arisen since the prior sentence was imposed'" and whether they render a different part of the sentence legally incorrect." (*People v. Walker* (2021) 67 Cal.App.5th 198, 205, quoting *Buycks*, 5 Cal.5th at p. 893.) And a section 1170.18(a) petitioner who is found eligible for resentencing "is entitled to the assistance of counsel at resentencing in every case involving a judgment of conviction of more than one felony such that the court has discretion to restructure the sentence on all counts." (*People v. Rouse* (2016) 245 Cal.App.4th 292, 301.)

Under the above cases, Williams was entitled to a full resentencing because one of his multiple felony convictions was reduced to a misdemeanor. As Williams was originally sentenced in 2013, he is entitled to the benefit of sentencing reforms enacted over the past decade. (*Walker*, 67 Cal.App.5th at pp. 205-206.) Moreover, due process requires Williams to be offered representation by counsel at this "'critical stage'" of the proceedings. (*Rouse*, 245 Cal.App.4th at p. 300.) Upon granting Williams' request for a reduction from a felony to a misdemeanor, the trial court neither appointed counsel to represent Williams nor scheduled a full resentencing hearing. As it was

3

obligated to do so, we remand for the trial court to remedy these deficiencies.[1]

## DISPOSITION

We affirm the trial court's order granting the reduction of count 5 (receiving stolen property (§ 496, subd. (a)) to a misdemeanor but remand for the trial court to vacate Williams' sentence, appoint counsel to represent him, and conduct a full resentencing hearing consistent with this opinion. Upon resentencing, the trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.

---

[1] The People moved for judicial notice of the amended felony abstract of judgment postdating the appeal. Yet, as neither the parties nor this opinion rely substantively on the document, we deny the motion. (See *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)