Filed 3/30/26  P. v. Monteon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085459 |
| v. | (Super.Ct.No. FSB1500255) |
| JULIAN GUZMAN MONTEON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Julian Guzman Monteon, Jr., appeals the denial of a petition seeking recall of his sentence pursuant to Penal Code[1] sections 1172.1 and 1170.91. Defendant contends the court erred in summarily denying his petition without appointing him counsel and holding a hearing. We affirm.

## PROCEDURAL BACKGROUND

On November 25, 2015, the San Bernardino County District Attorney filed an amended information charging defendant with criminal threats (§ 422, subd. (a), count 1), first degree residential robbery (§ 211, count 2), kidnapping to commit another crime (§ 209, subd. (b)(1), count 3), assault with a firearm (§ 245, subd. (a)(2), count 4), and carjacking (§ 215, subd. (a), count 5). It was alleged as to counts 1 and 4 that defendant personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1), and 12022.5, subdivision (a). It was further alleged as to counts 2 and 3 that defendant used a firearm within the meaning of section 12022.53, subdivision (b).

On December 3, 2015, defendant entered a plea agreement and pled no contest to counts 2 and 5. As to count 2, he admitted the firearm use enhancement. (§ 12022.53, subd. (b).) In exchange, the prosecution agreed to a total term of 15 years 8 months in state prison and the dismissal of the remaining counts and allegations. On January 15, 2016, the court sentenced defendant in accordance with the terms of the plea agreement and dismissed the remaining counts and allegations.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

On November 22, 2024, defendant filed an "invitation" for the court to recall and resentence him pursuant to sections 1172.1 and 1170.91 (hereafter, petition) to allow the court to consider his military service as a mitigating factor at a resentencing hearing. He requested the court to appoint an attorney to assist him at the resentencing hearing. Defendant alleged that he was in the military and his military service was not considered as a factor in mitigation at sentencing. He also alleged that he had remorse for his crimes, and he had "developed a new way of thinking that demonstrates rehabilitation, a post-release parole plan, and a relapse prevention plan." Defendant attached several documents, including a "Remorse Letter," an "Insight Letter," a description of his crimes, a description of his "Old Belief Systems" and "New Belief Systems," a description of his drug and alcohol use, a "Relapse Prevention Plan," a "Post Release Plan," and certificates/letters of completion of various courses. Defendant stated that he and his mother were physically and emotionally abused by his father during his childhood, and he (defendant) started "doing drugs" at age 13 and became addicted to cocaine. He also drank alcohol and took painkillers.

On December 16, 2024, the court denied defendant's petition, stating in a minute order that it had read and considered the invitation to recall and resentence him but was declining the invitation.

DISCUSSION

Any Error in Denying Defendant's Petition Was Harmless

Defendant contends the court erred in summarily denying his resentencing petition, since he met the statutory requirements for relief under section 1170.91 and was entitled to a hearing and appointment of counsel.[2]  The People argue the court's summary denial was proper since defendant failed to demonstrate he had a qualifying condition which he suffered from as a result of his military service, as required by the statute.  We conclude the court erred in summarily denying the petition without holding a hearing; however, any error was harmless.

A.  *Relevant Law*

Section 1170.91, subdivision (b)(1), provides, "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in the case, to request resentencing if the circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic

---

[2]  Although defendant appealed the court's denial of his petition under sections 1172.1 and 1170.91, he makes no argument supporting any relief under section 1172.1.  Since defendant provides no argument regarding the court's denial under section 1172.1, that issue is forfeited.  (*People v. Whalen* (2013) 56 Cal.4th 1, 72, fn. 28; see *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary."].)

4

stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing."[3]

Section 1170.91, subdivision (b)(3), provides, "Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision."  Thus, the first step in considering a petition for resentencing under section 1170.91 is to "make an eligibility determination by assessing whether the petitioner has satisfied the basic criteria for resentencing, i.e., whether the petitioner may be suffering from a qualifying disorder from his military service and that circumstance was not considered as a mitigating factor at his original sentencing hearing."  (*People v. Hayde* (2025) 113 Cal.App.5th 587, 597 (*Hayde*).)

B.  *The Court Erred in Summarily Denying the Petition Without a Hearing*

Section 1170.91, subdivision (b)(3), provides, "Upon receiving a petition under this subdivision, *the court shall determine*, *at a public hearing* held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision."  (Italics added.)  In *People v. Bonilla-*

---

[3]  Prior to January 1, 2023, this relief was not available to those serving a stipulated sentence.  (*People v. King* (2020) 52 Cal.App.5th 783, 790-791 (*King*).)  However, effective January 1, 2023, the Legislature amended section 1170.91 to specify that if a "person satisfies the criteria, the court may, in the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea," resentence a petitioner.  (§ 1170.91, subds. (a), (b)(1) & (b)(3); Stats. 2022, ch. 721, § 1.)  This court has already considered these amendments and concluded they "clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91."  (*People v. Harrell* (2023) 95 Cal.App.5th 161, 168.)

*Bray* (2020) 49 Cal.App.5th 234 (*Bonilla-Bray*), the court reversed a summary denial of a proper petition for failure to conduct such a hearing. (*Id.* at pp. 237-238.)

Here, as in *Bonilla-Bray*, the court was required to hold a public hearing under section 1170.91, subdivision (b)(3), based on the petition defendant filed. "[T]he proper procedural sequence laid out in section 1170.91, subdivision (b)(3), calls for a public hearing. Notably, the statute does not require an *evidentiary* hearing. It simply requires a 'public hearing' on 15 days' notice to interested parties at which a 'determin[ation]' of entitlement will be made." (*People v. Harrison* (2025) 116 Cal.App.5th 1145, 1152.) "Such a hearing was mandatory here, even if it took only a minute or two to put some procedural deficiency in the petition on the record as the ground for denial." (*Ibid*.)

As to defendant's claim that the court erred in failing to appoint counsel, we observe the statute does not require the court to do so. (§ 1170.91; compare § 1172.6. subd. (b)(3) [upon receiving a facially sufficient petition, if the petitioner has requested counsel, "the court shall appoint counsel"].) Furthermore, "[f]ederal courts have consistently ruled that an incarcerated defendant has no constitutional right to counsel with respect to statutory postconviction motions seeking a reduction in sentence." (*People v. Rouse* (2016) 245 Cal.App.4th 292, 298 (*Rouse*).)

Defendant cites *Rouse*, *supra*, 245 Cal.App.4th 292, in support of the position that his case was at a critical state of the proceedings, where he should have been appointed counsel to represent him at a hearing; however, *Rouse* is distinguishable. In that case, the defendant filed a petition pursuant to section 1170.18, subdivision (a), seeking to have his

6

felony burglary conviction reclassified as misdemeanor shoplifting. (*Rouse*, at p. 294.) The trial court granted his petition and resentenced him on all counts. "The resentencing hearing was held with counsel for the People in attendance, but without the presence of defendant or any counsel on his behalf." (*Id*. at p. 295.) In other words, the "[d]efendant passed the eligibility stage," and the trial court ruled his petition was meritorious, vacated his original sentence, and resentenced him. (*Id*. at p. 299.) The appellate court concluded the resentencing hearing was "akin to a plenary sentencing hearing," and was "therefore properly characterized as a 'critical stage' in the criminal process to which the right to counsel attaches." (*Id*. at pp. 299-300.)

Here, in contrast, the court apparently found defendant's petition non-meritorious, as it summarily denied it and did not resentence him. In other words, unlike *Rouse*, defendant apparently did not pass the eligibility stage. (See § C *post*.) Thus, he was not at a critical stage and had no right to counsel, as in *Rouse*.

In sum, we agree with defendant that the court's summary denial was improper, but only to the extent the court did not hold a public hearing, pursuant to section 1170.91, subdivision (b)(3).

## C. *Any Error Was Harmless*

Even though the court erred in denying defendant's petition without a hearing, any error was harmless, as it is reasonably probable the court would have denied the petition at such hearing. Courts have applied the *Watson* prejudice analysis in this very procedural context. In *King*, *supra*, 52 Cal.App.5th 783, the panel held that, assuming

the trial court erred in summarily denying a petition rather than holding a hearing, the error was harmless because King, having agreed to a stipulated sentence when he was convicted, was not entitled to relief under section 1170.91 as it was constituted at that time.  (*King*, at pp. 789-791.)  The *King* court stated that "any error in failing to hold a hearing on King's petition would be a state law procedural error."  (*Id*. at p. 790.)  Thus, the court proceeded by considering whether it was reasonably probable that King would have obtained a more favorable result had the trial court held a hearing.  (*Ibid*., citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

In the instant case, although the court erred in summarily denying defendant's petition without holding a public hearing, the error was not prejudicial.  Section 1170.91 requires a petitioner to allege that he may be suffering from a qualifying condition, such as sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems, "as a result of the person's military service."  (§ 1170.91, subd. (b)(1); *Bonilla-Bray*, *supra*, 49 Cal.App.5th at p. 238.)

Here, defendant did not file a facially sufficient petition under section 1170.91, subdivision (b)(1).  As the People point out, he failed to allege that he suffered from any qualifying condition, pursuant to the statute.  Rather, he sought relief simply based on the fact that he had served in the military.  The petition merely alleged that defendant "was in the military, and pursuant to Penal Code §1170.91(b) [his] military service was not considered as a factor in mitigation at the time of sentencing."  The petition did not allege

8

that he was suffering from any qualifying condition as a result of his military service, as required in section 1170.91.

Even on appeal, defendant merely contends that he was "eligible for resentencing based on the statute," asserting that he "served in the military" and "the court did not consider his military service as a mitigating factor during his initial sentencing." Defendant concedes the statute requires a petitioner to allege that he may be suffering from a qualifying condition. He also admits that his petition "did not articulate that his mental health and substances issues were *as a result of* his military service." Rather, he only "described his substance abuse problems, which were occurring *during* his military service." (Italics added.) Thus, he essentially concedes he did not meet the statutory requirement.

Significantly, the record in this case contains no evidence demonstrating that defendant's substance abuse was related to his military service in any way. To the contrary, defendant alleged in his petition that he started using drugs at the age of 13 and described his "primary drug of choice" as cocaine, then marijuana, painkillers, and alcohol. He said he started with marijuana; then at age 15, he started using cocaine. Defendant noted that he "use[d] painkillers and marijuana to slow the side effects of the cocaine." He then stated that "[his] use of alcohol was only at parties with family or hanging out with friends if they bought it." The petition clearly shows that defendant's substance abuse issues were not the result of his military service.

Similarly, to the extent defendant is claiming mental health issues, the record indicates any such issues were apparently the result of abuse he suffered at the hands of his father, not his military service. In his petition, defendant stated he "[grew] up as a child in a home of Domestic Violence" where he "was introduced to various forms of violence," which he described as "[p]hysical, [e]motional, and [m]ental."

In his reply brief, defendant claims there was evidence that his mental health issues were a result of his military service, citing statements of the victim (his mother's ex-boyfriend), made at the sentencing hearing. The victim stated, defendant "just came out of the—what you call that—Army, suppose [*sic*], and he came out like that. ¶ He never had any arguments before or, you know—I don't know how he ended up there, trying to rob [me] and tried to kill me and take the Yukon and all that. And he also said . . . that he was going to blow me away. Something else happened." Defendant claims the victim's statements that "'something . . . happened' and he came out of the Army 'like that'" were evidence that his mental health issues were a result of his military service.

"[A] point raised for the first time [in the reply brief] is deemed waived and will not be considered, unless good reason is shown for failure to present it before. [Citations.] No good cause is shown here." (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29 (*Baniqued*).) In any event, defendant's position is untenable since the statements he points to are vague and ambiguous and do not indicate any mental health issues he may have had were a result of his military service.

10

In his reply brief, defendant additionally points to his rehabilitation efforts and argues that "it cannot be said that if an appointed attorney were able to develop the record, and have a hearing, that it is reasonably probable that appellant would have obtained a more favorable result had the trial court held a hearing." Defendant cites *Hayde*, *supra*, 113 Cal.App.5th 587, in support of his claim. However, this argument is waived since defendant did not raise it in his opening brief. (*Baniqued*, *supra*, 85 Cal.App.4th at p. 29.) In any event, *Hayde* is inapposite since the trial court there found the defendant eligible for resentencing, and the appellate court found that his rehabilitation efforts were a relevant factor the trial court should have considered regarding his *suitability* for resentencing. (*Hayde*, at pp. 595, 598.) Here, the court did not find defendant eligible for resentencing and therefore did not reach the question of suitability.

Ultimately, defendant here failed to allege that he suffered from a qualifying condition as a result of his military service pursuant to section 1170.91. Further, he provided evidence that his substance abuse and mental health issues started during his childhood and were unrelated to his military service. Therefore, even if the court had held a hearing and appointed counsel, it is not reasonably probable that the defendant would have received a more favorable result; that is, that the court would have granted his petition.

DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                        
                          J.

We concur:


RAMIREZ                
                  P. J.


RAPHAEL               
                  J.

12